BRUNO RICHTER and ADOLPH K. KAHN, as Administrators, etc., of JACOB FLETCHER, Deceased, Respondents, *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.

*Bill of particulars — a life insurance company required to state the time, but not the place of treatment for alcoholic or narcotic habits — the names of witnesses not required.*

A life insurance company which, in an action brought to recover upon a policy, sets up a breach of warranty by the insured, in that he had untruthfully stated in his application for the insurance that he had never been treated for alcoholic or narcotic habits, should not be required by the court to state in a bill of particulars the place or places where the insured had been treated for such habits, or the names of the physicians or other persons by whom the treatment was given; it may, however, properly be required to state the time or times when the insured had been thus treated.

WILLIAMS, J., dissented.

APPEAL by the defendant, The Equitable Life Assurance Society of the United States, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk

of the county of New York on the 14th day of May, 1897, directing the service by it of a verified bill of particulars.

_Bainbridge Colby_, for the appellant.

_Sol. M. Stroock_, for the respondents.

Ingraham, J. :

This action is upon a policy of life insurance.   The answer of the defendant alleges that there was a breach of a warranty upon which the policy was issued, the assured having stated in his application that he had never been treated for alcoholic or narcotic habits, "whereas in truth and in fact each of these statements and warranties was false and untrue and made with the fraudulent intention of deceiving this defendant and of obtaining said policy from it by fraud."   The court below ordered a bill of particulars, "setting forth the time or times when, and the place or places where, Jacob Fletcher (the assured) had taken treatment for alcoholic or narcotic habits."   It was further ordered "that unless within ten days after the service of a copy of this order upon the defendant's attorneys the defendant serve upon the plaintiffs' attorneys an affidavit verified by the proper officers of the defendant, setting forth that it is impossible for the defendant to furnish the name or names of the physicians or other person or persons who treated the said Jacob Fletcher for such alcoholic or narcotic habit, that the defendant in the aforesaid bill of particulars set forth the name or names of the physician or physicians or other person or persons who treated the said Jacob Fletcher for such alcoholic or narcotic habit."

We think that this order is entirely too broad.   While it was proper to require a bill of particulars setting forth the time or times when the assured had been thus treated, it was manifestly impossible for the defendants to state the place or places where such treatment had been received.   Whether it was in the office of the defendant, or the house of the assured, was entirely immaterial, and was a detail which it was not to be presumed that it would be possible for the defendant to ascertain.   We also think that the provision of the order requiring the defendant to state the name or names of the physician or physicians, or other person or persons who treated the assured was improper.   It is well settled that a bill of particulars

will never be ordered for the purpose of furnishing the opposite party with the names of the witnesses, or the evidence to be relied on to prove a cause of action or defense, and yet the only effect of this provision of the order would be to indicate to the plaintiff the names of the persons whom the defendant might call to prove the defense that the assured had been treated for alcoholic or narcotic habits.

We think the order appealed from should be modified by striking out the provisions requiring a bill of particulars as to the place or places where Fletcher had been treated for alcoholic or narcotic habits, and the provision requiring the defendant to furnish the name or names of the physician or physicians or other person who treated the said assured for such habits.

As so modified, the order is affirmed, without costs to either party upon this appeal.

VAN BRUNT, P. J., and RUMSEY, J., concurred; WILLIAMS, J., dissented.

Order modified as directed in opinion and as modified affirmed, without costs.