## BERLINER v. PEQUA CLUB ASS'N.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

1. EXCEPTIONS—MOTION TO FILE NUNC PRO TUNC.

A mere showing that, through inadvertence, an exception was not filed, is not sufficient to justify the granting of a motion for leave to file the exception nunc pro tunc.

2. SAME—CONDITIONS—PAYMENT OF COSTS.

Where an appeal has been taken in good faith, and appellant discovers that he has omitted to file an exception necessary to the presentation of the appeal, and his motion for leave to file the exception nunc pro tunc is denied for failure of the moving papers to state sufficient reason for failure to file the exception, the movant should be permitted, on payment of costs, to renew his motion.

Appeal from special term, New York county.

Action by Harry Berliner against Pequa Club Association. Defendant had judgment (66 N. Y. Supp. 791), and plaintiff appealed. Pending the fixing of the case on appeal, plaintiff moved for leave to file an exception nunc pro tunc. From an order denying the motion, movant appeals. Affirmed, with leave to renew the motion.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

S. P. Cahill, for appellant.

R. E. Dwight, for respondent.

PER CURIAM. By the order appealed from, a motion of the plaintiff (appellant) to file an exception to the decision of the justice who tried the cause at special term was denied. Evidently the denial was placed upon the ground that no sufficient reason for the failure to file the exception was stated in the moving papers. All that appeared before the court was that through inadvertence the exception was not filed. The court below properly disposed of the motion.

It is apparent, however, that an appeal in this matter has been taken in good faith, and that the appellant has diligently proceeded to have the case made and settled, and has discovered the omission to file the exception necessary to the presentation of the appeal. Under the circumstances, we think that the order should be affirmed, with costs, but that the appellant should be permitted, on the payment of costs and disbursements of this appeal, to renew his motion upon proper papers for leave to file the exception.

Order affirmed, with $10 costs and disbursements, with leave to appellant, on payment of such costs, to renew on proper papers.

---

## TAYLOR v. SECURITY MUT. LIFE INS. CO. et al.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

1. ACTION ON INSURANCE POLICY—BILL OF PARTICULARS.

In an action on a life policy, where the answer set up 24 separate defenses, each consisting of an alleged breach of warranty on decedent's part with respect to statements made in his application, and alleged the designation of another beneficiary, it was proper to require defendant

to furnish a copy of the application, and of the writing purporting to designate another beneficiary.

**2. SAME.**

Where the answer set up that the policy was a wagering policy, and speculative in character, it was proper to require defendants to specify in what respect this was so.

**3. SAME.**

Where the answer averred generally that the statements in the application were false and untrue in many particulars; and specially that decedent falsely represented that he was not contemplating other insurance; that he had no recollection of having consulted a physician for any difficulty or disease; that he had never changed residence or traveled on account of his health, etc.,—it was proper to require defendant to furnish particulars in which the statements were false.

**4. SAME.**

Code Civ. Proc. § 531, provides that the court may in all cases direct a bill of particulars of the claim of either party to be furnished to the adverse party. In an action on a life policy, the answer set up that decedent's negative answer to the question in his application whether any physician had given an unfavorable opinion on his life was untrue; that his answer to the question calling for the name and residence of his physician was untrue, and not full and complete; that his answer to the question whether he had ever been confined in a hospital was not full, complete, or true, etc. *Held* that, though a bill of particulars may not be required for the purpose of disclosing the evidence or the witnesses of an adversary, plaintiff was entitled to a bill disclosing the names of the physicians consulted, and the name of the hospital in which it was claimed decedent had been confined, etc.

Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by Ellen M. Taylor, as administratrix of William H. Taylor, deceased, against the Security Mutual Life Insurance Company and John A. Farrell. From an order granting plaintiff's motion for a bill of particulars, the first-named defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Thomas H. Rothwell, for appellant.

Charles P. Hallock, for respondent.

LAUGHLIN, J. The action is brought to recover on a policy of insurance issued by the defendant on the life of decedent. The answer admits that the policy was issued, and that the insurance has not been paid; but it sets up 24 separate defenses, each consisting of an alleged breach of warranty on the part of decedent with respect to statements made in his application for insurance, and it alleges the designation of another beneficiary. The order requires the defendant to furnish a copy of the application and of the writing purporting to designate another beneficiary. These provisions of the order are manifestly proper. The answer also avers that the contract upon which the action is based was a wager policy, speculative in character, and therefore void. The last provision of the order requires the defendant to specify in what respect it was a wager policy, and who was interested in the wager or speculation. The appellant having interposed this defense, whether it be well founded or not the order

was proper. The other provisions, 21 in number, relate to the alleged false representations.

It is stated generally in the answer that the statements and answers in the application were false and untrue in many particulars. It is also specially averred that he falsely represented that he was not contemplating other insurance; that he had no recollection of having consulted a physician for any difficulty or disease; that he had never changed residence or traveled on account of his health; that he knew of no circumstances connected with his health, physical condition, or manner of life which would render his life extra hazardous; that he never had had any injury, illness, or disease other than as stated; that his practice as regards the use of spirits, wines, malt liquors, or other alcoholic beverages was to drink about four glasses of beer per week; that he had never been a free drinker; that he had never taken any special treatment for inebriety; that his name was William H. Taylor; that he had never had or been affected with rheumatism, dyspepsia, or indigestion, shortness of breath, or chronic cough, pneumonia, or any disease of the lungs or bronchial trouble; that he was in good health; that he was free from any and all diseases, sicknesses, ailments, and complaints except as stated. The order requires the defendant to furnish a bill of particulars as to all of these matters, and, in the instances where it was charged that the decedent's answers in the application were false, untrue, and incomplete, the particulars in which they were so. We think as to these matters the order was clearly authorized.

The answer also alleged that decedent's negative answer to the question whether any physician had ever given an unfavorable opinion upon his life with reference to insurance or to defer application for insurance was untrue; that his answer to the question calling for the name and residence of his medical adviser and family physician was untrue, and was not full or complete; that his answer to the question how long since he was attended by or last consulted a physician, "Not since childhood, if at all," was not full, complete, or true, and his answer to the further question to give the name and residence of such physician, "None," was not full, complete, or true; that his answer in the negative to the question as to whether he had ever been an inmate of any infirmary, sanitarium, asylum, or hospital was not full, complete, or true. The order further requires the defendant to furnish a bill of particulars of these matters, specifying in what respect the answers were not full, complete, or true, and specifying the name of the physician or physicians whom it is claimed gave an unfavorable opinion upon the life of decedent, or advised him to defer application for insurance; the name and residence of the physician which defendant claims was his medical adviser or family physician; the name and residence of the physician or physicians whom defendant claims decedent consulted; the name of the sanitarium or hospital of which it is claimed he was an inmate; together with the time and place of such opinion, advice, or consultation, and the time and place of his being an inmate of such institution. The insurance company contends that these provisions of the order were unauthorized.

76 N.Y.S.—43

The Code provides that "the court may in all cases direct a bill of particulars of the claim of either party to be furnished to be delivered to the adverse party." Code Civ. Proc. § 531. Under section 158 of the Code of Procedure, of which the provision quoted is a substantial re-enactment, the court of appeals in the case of Tilton v. Beecher, 59 N. Y. 176, 17 Am. Rep. 337, stated the office of a bill of particulars and the authority of a court to require its delivery as follows:

"In actions upon money demands consisting of various items, a bill of particulars of the dates and descriptions of the transaction out of which the indebtedness is claimed to have arisen is granted almost as a matter of course, and this proceeding is so common and familiar that when a bill of particulars is spoken of it is ordinarily understood to refer to particulars of that character. But it is an error to suppose that bills of particulars are confined to actions involving an account, or to actions for the recovery of money demands arising upon contract. A bill of particulars is appropriate in all descriptions of actions where the circumstances are such that justice demands that a party should be apprised of the matters for which he is to be put for trial with greater particularity than is required by the rules of pleading."

Of course, a bill of particulars may not be required for the purpose of disclosing the evidence or names of witnesses of an adversary, but it will be required for the purpose of giving definite information as to a claim or proposition contended for by an adversary with respect to any material fact at issue, even though this may involve a disclosure of the names of individuals with whom it is claimed the transactions were had. Ball v. Publishing Co., 38 Hun, 11; Gee v. Manufacturing Co., 12 Hun, 630; Manufacturing Co. v. Reinoehl, 40 Hun, 47; Dwight v. Insurance Co., 84 N. Y. 493. The office of a bill of particulars is to amplify a pleading, and to inform a party with reasonable certainty of the nature of the claim made by his adversary, in order to prevent surprise, and to enable him to intelligently meet the issue upon the trial. Stevens v. Webb, 12 Daly, 88; Higenbotam v. Green, 25 Hun, 214; Wiltkowski v. Paramore, 93 N. Y. 467. The name of a witness, as such, may not be required to be disclosed; but the name of an individual with whom it is claimed that the transaction which is one of the issues in the case was had may, in a proper case, be required to be specified, even though it may be the intention of the opposite party to prove the fact by such individual as a witness. In the case at bar the ends of justice seem to require that the information sought should be given. The plaintiff's affidavit shows that she has no knowledge or information on the subject. Proof of any of these facts by the defendant by a single witness, if undisputed, may prevent a recovery by the plaintiff. Each charge made by the defendant is a separate and complete answer to the plaintiff's case. It is claimed that the decedent consulted physicians whose names he did not disclose in his application. How can the plaintiff prepare for the trial of these issues without being furnished with the names of these physicians and the time and place of such consultations? The defendant may prove the fact without calling the physician. The fact may be proved by the declarations or ad-

missions of the decedent or by the testimony of others. To require, therefore, the disclosure of the names of the physicians does not at all disclose the defendant's evidence, nor does it necessarily disclose the names of its witnesses. In these circumstances the name of the company to whom an application was made, the name of a physician who was consulted, the name of a hospital or sanitarium in which he was an inmate, is part of the issuable fact, and it is neither evidence nor does it necessarily call for the name of a witness. The defendant to succeed must necessarily prove that the application was made to a particular company; that the decedent consulted a particular individual, who was a physician; that he was an inmate of some particular institution. Now, to prevent surprise upon the trial and to enable the defendant to meet such defense, it is manifestly proper that the names of the physicians, corporations, or institutions be given.

The requirements of the bill of particulars as to time and place will not be construed as unreasonably limiting defendant's testimony. The place required is not the precise building or block, but the city, village, or town, and the time should be stated as nearly as may be. Dwight v. Insurance Co., supra. Where special damages, consisting of the loss of customers, is sought to be recovered, the plaintiff is required to give the names of such customer. Bell v. Heatherton, 66 App. Div. 603, 73 N. Y. Supp. 242. In actions for slander, the plaintiff may be required to specify in a bill of particulars the name of at least one party in whose presence the slanderous words were uttered. Stiebeling v. Lockhaus, 21 Hun, 457; Rowe v. Washburne, 62 App. Div. 131, 70 N. Y. Supp. 868. Sufficient authority has been cited and argument advanced, we think, to show that authority to require a bill of particulars of these matters exists. It does not follow, however, that such a bill of particulars should always be required. It rests in the sound discretion of the court, depending upon the particular facts and circumstances of the case.

There is no propriety in extending to cases of this character the rule that, in actions for personal injuries, the plaintiff will not be required to disclose the names of his physicians. Steinau v. Railway Co., 63 App. Div. 126, 71 N. Y. Supp. 256. In such cases the issuable fact is the extent of the injuries, not who has treated the patient therefor. In the case of Richter v. Society, 22 App. Div. 75, 47 N. Y. Supp. 763, it is evident that the court was of the opinion that to require the precise place of the treatment and the names of the physicians would entrench upon the general rule against requiring a party to furnish the names of his witnesses or his evidence to his opponent, and that it would serve no other purpose in that case. It was not there intended to establish a new rule limiting the authority of the court to require a bill of particulars of these matters in a proper case. In this case the discretion of the court has been quite liberally exercised in favor of the plaintiff; but in view of the numerous separate defenses interposed, by which the defendant has reserved to itself a wide latitude in the introduction of evidence to defeat the plaintiff's cause of action,

we think the ends of justice will be promoted by an affirmance of the order in toto.

The order should be affirmed, with $10 costs and disbursements. All concur, except VAN BRUNT, P. J., who dissents.