(77 App. Div. 317.)

SPITZ v. HEINZE et al.

(Supreme Court, Appellate Division, First Department. December 12, 1902.)

1. ACTION ON CONTRACT—BILL OF PARTICULARS.

The answer in an action for breach of a contract of employment, which admitted the employment, and alleged as grounds for the discharge of plaintiff that he failed to devote his time, energies, and intelligence to the business; that he did not use his best efforts to make it profitable; that he was not giving attention to it, remaining away all day Saturdays, and frequently on other business days; that he arrived after office hours, and left before the close of the day,—was sufficiently specific, rendering a bill of particulars unnecessary.

2. SAME.

The answer alleging that plaintiff was insolent and impertinent to customers, sent them irritating letters, and antagonized them, thereby causing defendants to lose many customers, and injuring their business, was sufficiently definite, rendering a bill of particulars unnecessary.

3. SAME.

Where the answer alleged that plaintiff was impertinent to defendants; that he failed to obey instructions; that he raised the price of goods contrary to instructions; that he solicited patronage and offered goods to customers at a price different from that previously offered by defendants; that he incurred expenses contrary to instructions; that he attempted to contract with mills without consulting defendants; that he attempted to secure new employés contrary to defendants' express orders; that he purchased goods above the market price; that he retained books of account in his possession; and that he violated contracts with manufacturers,—it was proper to require defendants to furnish a statement of particulars relating to each of such matters.

Appeal from special term, New York county.

Action by Theodore P. Spitz against Otto C. Heinze and others. From an order denying a motion for a bill of particulars of defendants' counterclaim set up in the answer, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Wales F. Severance, for appellant.
Daniel P. Hays, for respondents.

LAUGHLIN, J. The action is brought to recover damages for a breach of contract of employment. The plaintiff alleges that on the 13th day of April, 1900, he was employed by the defendants to manage their domestic hosiery department for the term of three years from the 1st day of June, 1900; that his compensation was to be 40 per cent. of the net profits of that department, the expenses to be deducted being stated; that they were to advance to him the sum of $4,000 per annum in equal monthly installments, such advance to be deducted from his portion of the net profits, but he was not to be required to account therefor in case his share of the net profits should not equal that sum; that he was to devote his entire time, energy, and intelligence to the management of the department, and to use his best efforts to make the same profitable; that the management and control of the business was to be left in his hands, subject to the right of the defendants "to veto any proposition" he "might wish to go into"; that on the 9th day of December, 1901, while he was engaged in his employment under said contract, he was discharged by the defendants, and excluded from their place of business. The answer admits the employment and the discharge, but alleges that the discharge was for cause, and sets up 14 grounds as constituting the cause of his discharge. It is with reference to these grounds of the discharge that the plaintiff desires a bill of particulars. This is an affirmative defense, and the burden is upon the defendants of both alleging and proving that he was discharged for good and sufficient cause. Linton v. Fireworks Co., 124 N. Y. 533, 27 N. E. 406; Raeder v. Ibert (City Ct. Brook.) 14 N. Y. Supp. 930. There is the same authority for requiring a bill of particulars of an affirmative defense as for requiring a bill of particulars of the plaintiff's claim. Code Civ. Proc. § 531; Dwight v. Insurance Co., 84 N. Y. 493; Tilton v. Beecher, 59 N. Y. 176, 17 Am. Rep. 337. Bills of particulars should be required when necessary for the purpose of preventing surprise and needless preparation; but the discretion of the court should be so exercised as to avoid an undue disclosure of the evidence of the adverse party by which he may establish the facts at issue. Taylor v. Insurance Co., 73 App. Div. 319, 76 N. Y. Supp. 671; Machine Works v. McKelvey, 71 App. Div. 340, 75 N. Y. Supp. 1090; Mussiman v. Willner Wood Co., 69 App. Div. 448, 74 N. Y. Supp. 1026; English v. Railroad Co., 69 App. Div. 576, 75 N. Y. Supp. 45; Bell v. Heatherton, 66 App. Div. 603, 73 N. Y. Supp. 242. In the case at bar the plaintiff's demand for a bill of particulars is altogether too broad. It is alleged in the answer that the plaintiff failed to devote his entire time, energies, and intelligence to the business; that he did not use his best efforts to make the business profitable; that he was not attentive to business, remained away all day on Saturdays, and frequently stayed away on other business days, claiming that he had been detained by private matters; that he arrived after office hours in the morning, and departed before the close of business hours for the day. We think that the

defendants should not be limited in their evidence on these subjects by a bill of particulars, and that the complaint apprizes the plaintiff of all that is essential for him to know to enable him to defend against the charges. This defense, though stated in general language, is sufficiently definite, and more cannot be required without unduly calling for the evidence itself.

It was also alleged in the answer that the plaintiff was insolent and impertinent to customers, and sent to them irritating and unnecessarily severe and impertinent letters, and antagonizing customers, "thereby causing defendants to lose many customers, and injuring their business." Whether the plaintiff's conduct in this regard resulted in the loss of customers or injury to the business is not material. If he was insolent and impertinent to customers, such conduct was calculated to result in a loss of customers, and an injury to the business, and doubtless justified his discharge. It is evident that the defendants, who placed the plaintiff in charge of the business, are not themselves in a position to know these facts. They must depend for their knowledge either upon information from other employés or from the customers. It might be impossible for them to specify the customers, for the names might not be known; and we think it would be unreasonable to require them to further particularize a defense of this kind by giving dates or circumstances. So far as the defense relates to his letters, they are the best evidence, and there is little danger that he can be taken by surprise by their nonproduction, for proof of their loss would ordinarily have to be made by the customers to whom they were sent. We think the plaintiff is entitled to a bill of particulars specifying: (1) Which defendant or defendants it is claimed he was impertinent to, which defendant or defendants gave him orders, instructions, and directions that he failed to obey, and what the orders, instructions, and directions were; (2) upon what goods the plaintiff, contrary to the instructions and directions of the defendants, raised the prices; (3) the names of the firms who were customers of the defendants from which it is claimed that the plaintiff solicited patronage and offered goods at a price different from that previously offered by the defendants, specifying the price; (4) what expenses were incurred by the plaintiff contrary to the directions and instructions of the defendants, and charged to the defendants, giving approximately the date or dates; (5) what mills the plaintiff attempted to contract with without consulting defendants; (6) what employés the plaintiff attempted to secure contrary to the instructions of the defendants, giving the names, and approximately the dates; (7) what goods were purchased by plaintiff above the market price, and either the market price or the date; (8) what books of account it is claimed the plaintiff retained in his possession; and (9) what contract made with manufacturers the plaintiff violated, giving the names of the manufacturers, date of contract, and particulars of violation. These are the only items of which we think the plaintiff is entitled to a bill of particulars.

It follows, therefore, that the order should be reversed, with $10 costs of appeal and disbursements, and the motion for a bill of particulars granted as indicated in this opinion. All concur.