### SCHMITT v. MUTUAL RESERVE LIFE INS. CO.

(Supreme Court, Appellate Term. January 17, 1906.)

PLEADING—BILL OF PARTICULARS—PROVISIONS OF ORDER.

In an action on a life insurance policy, the answer set up false warranties by deceased in her application for the policy, and the reply alleged that deceased, at the time of making the application, informed defendant of the true condition of her health. Plaintiff was ordered to furnish a bill of particulars stating specifically what information as to the health of deceased was given to defendant, and giving the names of the officer or agent of defendant to whom the information was given. *Held*, that the order should further provide that if plaintiff swears that he is unable to give the name of the officer or agent to whom the information was given, he may give a description of such officer or agent or such other facts and circumstances as would tend to establish his identity.

Appeal from City Court of New York, Trial Term.

Action by Joseph Schmitt against the Mutual Reserve Life Insurance Company. From an order directing plaintiff to serve a bill of particulars, plaintiff appeals. Modified.

This action is brought to recover upon a policy of life insurance. The answer sets up the defense that the deceased in her written application for the said policy made certain false representations and warranties. The reply in paragraph 6 alleges at the time of the making of said application the deceased duly informed the defendant of the true condition of her health and of the medical treatment received by her. The order appealed from directs plaintiff to state: (1) Specifically and in detail what information as to the health of deceased and as to medical attendance was conveyed to defendant, its officers and agents; (2) giving the names of the persons by whom such information was given; (3) the names of the officer, agent, or employé of defendant to whom such information was given; (4) time and place of each transaction upon which waiver or estoppel is claimed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

Morris Cukor, for appellant.
George Burnham, Jr., for respondent.

BLANCHARD, J. The moving affidavits show sufficient grounds for an order directing a bill of particulars. Dwight v. Germania Life Ins. Co., 22 Hun, 167; Taylor v. Security Mutual Life Ins. Co., 73 App. Div. 319, 76 N. Y. Supp. 671. The order, however, seems too strict in its directions. It is conceivable that certain of the facts re-

garding the transactions upon which the plaintiff claims a waiver by the defendant are of so general a nature that the plaintiff cannot in every instance give the name of the particular officer of the defendant to whom the information has been conveyed, nor specify the time and place of each transaction. The order should provide, therefore, that if the plaintiff shall declare under oath that he is unable to give the name of the particular officer, agent or employé of defendant to whom the information aforesaid is claimed to have been given, that said plaintiff be permitted, instead of giving such name, to give the description of such officer, agent, or employé, or such other facts and circumstances tending to establish his or their identity as will serve to enable defendant to identify such officer, agent, or employé.

Order affirmed, as modified, without costs of this appeal to either party. All concur.