ANNA C. SLINGERLAND and Others, Appellants, *v.* LEWIS F. CORWIN and Others, Respondents.

*Bill of particulars — purpose of — a statement as to the conditions of a lease claimed to have been violated, required of a landlord in ejectment — not required as to no renewal having been given.*

It is not the office of a bill of particulars to expose the evidence of the party giving it to his adversary; the purpose of the bill is only to amplify the pleadings and to indicate with more particularity than is ordinarily required in a formal plea the nature of the claim made, in order that surprise upon the trial may be avoided, and that the issues may be more intelligently met.

Where a landlord brings an action in ejectment against a tenant, claiming that the tenant has violated various conditions of the lease and is not entitled to any renewal thereof or to continue in the occupation of the demised premises, and that the lease in fact has not been renewed, the tenant is entitled to a bill of particulars specifying the conditions and covenants of the lease claimed to have been violated, and how and when they were violated and what action the landlord took which deprived the tenant of his right to renew the lease and when such action was taken.

The tenant is not, however, entitled to a bill of particulars concerning the allegation that the lease had not been renewed, as he has as much knowledge upon the subject as the landlord.

APPEAL by the plaintiffs, Anna C. Slingerland and others, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 18th day of January, 1905, directing the plaintiff to furnish a bill of particulars.

*J. Newton Fiero,* for the appellants.

*Countryman, Nellis & Du Bois,* for the respondents.

HOUGHTON, J. :

The action is in form ejectment, but the plaintiffs allege as the reason why they are entitled to immediate possession of the real property in controversy, that the defendants have so materially violated various conditions of a lease, under which they have long occupied, that they were and are entitled to no renewal thereof or to continue to occupy thereunder, and that the lease in fact has not been renewed.

The court properly directed the plaintiffs to furnish the defendants with a bill of particulars; but the order is much too broad. It is not the office of a bill of particulars to expose one's evidence to his adversary. (*Morrill* v. *Kazis*, 8 App. Div. 304.) Its purpose is only to amplify the pleading and indicate with more particularity than is ordinarily required in a formal plea the nature of the claim made in order that surprise upon the trial may be avoided and the issues more intelligently met. (*Taylor* v. *Security Mutual Life Ins. Co.*, 73 App. Div. 319.)

The plaintiffs, although the owners, are not entitled to possession as against the defendant tenants if the lease is a subsisting one. They allege as a reason why they are in fact entitled to possession, that the defendants have violated certain conditions and broken certain covenants which have not only forfeited their right to continue to occupy the premises, but have destroyed their right to a renewal of the lease. What conditions and covenants, and when and how violated and broken, which plaintiffs claim forfeited defendants' rights under the lease, and what defendants did and when, which deprived them of their right to renew said lease, plaintiffs should give a bill of particulars concerning. As to the actual renewal of the lease as provided by its terms, or otherwise, the defendants have as much knowledge as the plaintiffs, and no further particulars should be required.

The order should be modified by limiting its provisions as indicated, and as so modified should be affirmed, without costs to either party.

All concurred.

Order modified as stated in opinion, and as so modified affirmed, without costs. If order not agreed upon, to be settled by HOUGHTON, J.