(110 App. Div. 552.)

### CHISOLM v. STRAUS et al.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

PLEADING—BILL OF PARTICULARS—WHEN REQUIRED.

In an action to recover the value of articles removed from plaintiff's premises by defendants on vacating as tenants and for damages resulting to the freehold from such removal, plaintiff should have been required to furnish a bill of particulars specifying the character, quantity, and value of the articles removed, and the character and nature of the damage claimed to have resulted to the freehold, although defendants had upon their removal from the premises, advertised to sell at auction the articles which plaintiff claimed belonged to her, and had prepared a catalogue of such articles for the convenience of bidders.

Appeal from Special Term, New York County.

Action by Mary A. Chisolm against Isidor Straus and another. From an order denying a motion for a bill of particulars, defendants appeal. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Edmund E. Wise, for appellants.
Latham G. Reed, for respondent.

HOUGHTON, J. The plaintiff brings this action to recover the value of certain articles claimed to have been unlawfully removed from premises belonging to her by the defendants upon vacating as tenants, and resultant damages to her freehold from such removal. This the defendants denied, and demanded that the plaintiff furnish

a bill of particulars, specifying the character and quantity of such articles and their claimed value, as well as the precise damage to the freehold complained of. The record discloses that upon the defendant's removal from the premises they advertised to sell at auction the articles which plaintiff claimed belonged to her, and for the convenience of bidders prepared a catalogue, a copy of which plaintiff has.

The Special Term refused to compel plaintiff to furnish such bill of particulars, presumably upon the ground that the defendants knew what they sold and permitted to be carried away. Assuming such knowledge, that fact would not inform them of the precise articles which plaintiff claims were unlawfully removed. The office of a bill of particulars is to amplify the pleading and indicate with more particularity than is ordinarily required in a formal plea the nature of the claim made, in order that the issues may be more intelligently met. Slingerland v. Corwin, 105 App. Div. 310, 93 N. Y. Supp. 953. It may be that the plaintiff's claim does not extend to all of the articles sold and removed by the defendants. She has the catalogue of the auction sale, and can readily pick out from that, such articles as she claims to recover for, and the defendants will then know precisely what the issues to be met upon the trial are, and need not be put to the trouble and expense of preparing for trial as to those articles for which no recovery is asked. The plaintiff should have been required to furnish a bill of particulars of the quantities and character of radiators, iron piping, shafts, engines, plumbing, partitions, lockers, shelving, tanks, machinery, electric machinery, elevators, washtubs, wall trim, and window glass, and any other parts of said building claimed to have been unlawfully removed, together with the claimed value of each article, as well as a statement of the character and nature of the damages to the building itself, for which she seeks recovery in the sum of $5,000.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted in conformity herewith, with $10 costs. All concur.