### SUNDHEIMER v. JAMES S. BARRON & CO.

(Supreme Court, Appellate Term. February 5, 1909.)

**1. PLEADING (§ 317\*)—"BILL OF PARTICULARS"—OFFICE OF.**

The office of a "bill of particulars" is not to expose one's evidence to one's adversary, but only to amplify the pleadings and indicate with more particularity than is ordinarily required in a formal plea the nature of the claim made, in order that surprise upon the trial may be avoided; and while the name of a witness, as such, may not be required to be disclosed, the name of an individual with whom it is claimed that the transaction which is one of the issues in the case was had may be required to be specified in a proper case, though it may be the intention of the opposite party to prove the fact by such individual as a witness.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954, 955, 962; Dec. Dig. § 317.\*

For other definitions, see Words and Phrases, vol. 1, pp. 795–797; vol. 8, p. 7590.]

**2. PLEADING (§ 317\*)—BILL OF PARTICULARS—GROUNDS—DANGER OF SURPRISE.**

Where, in an action for the wrongful termination of plaintiff's employment by defendant as a sales agent, the allegations of the answer regarding plaintiff's failure to comply with the requirements of the contract of employment are numerous, material, and so indefinite as to expose the plaintiff to danger of prejudicial surprise at the trial, plaintiff is entitled to a bill of particulars showing in what respects he failed to comply with his contract.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 958; Dec. Dig. § 317.\*]

Appeal from City Court of New York, Trial Term.

Action by William A. Sundheimer against James S. Barron & Co. From an order requiring defendant to serve a verified bill of particulars, it appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

H. Aplington, for appellant.
Malcolm Sundheimer, for respondent.

PER CURIAM. This action is to recover damages for an alleged breach of a written contract, by which defendant hired plaintiff as sales agent in South Africa and elsewhere, and agreed to pay him a commission on goods sold by him for defendant. The plaintiff claims

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that defendant wrongfully terminated the contract, failed to pay him his commissions due at the time of such termination, and prevented him from earning his commissions during the unexpired term of the contract. Defendant sets up a general denial, and also claims that plaintiff violated the terms of the contract by cutting prices, selling competitive goods, delegating his authority to others, and permitting them to carry out the contract, instead of giving his entire personal attention thereto, failing to observe the reasonable instructions of defendant, executing orders through nonresponsible houses, and in other respects failing to conform to the requirements of the contract; i. e., in not sending to defendant copies of orders, with signature of purchaser, when obtainable, with full particulars, and in sharing his commissions with customers. Plaintiff made a motion for a bill of particulars, which was granted, and an order was entered directing defendant to set forth the particulars in which plaintiff failed to keep the contract, by giving times and places of such violations, the items of merchandise sold at cut rates, the items of competitive goods sold, when and where plaintiff delegated his authority or failed to devote his entire time to the performance of the contract, when, where, and how he failed to obey the reasonable directions of defendant, which orders were not executed through some responsible export house as required by the contract, when he failed to send to defendant copies of orders, with particulars, etc., the names of the commission houses and persons and places through, to, and where the goods so ordered were sent, the name of the persons with whom he divided commissions, with the times and places, and when, where, and how he failed to give his best efforts to the advancement of the interest of defendant in the performance of the contract, as alleged in the complaint. From this order, defendant appeals.

The rule is that it is not the office of a bill of particulars to expose one's evidence to one's adversary; but the purpose of the bill is only to amplify the pleadings, and indicate, with more particularity than is ordinarily required in a formal plea, the nature of the claim made, in order that surprise upon the trial may be avoided, and the issues more intelligently met. Slingerland v. Corwin, 105 App. Div. 311, 93 N. Y. Supp. 953. However, although the bill may not be required for the purpose of disclosing the evidence or the names of the witnesses of an adversary, still it may be required for the purpose of giving definite information as to a claim or proposition maintained by an adversary with respect to any material fact at issue, even though this may involve a disclosure of the names of individuals with whom it is claimed the transactions were had, so that, while the name of a witness as such may not be required to be disclosed, nevertheless the name of an individual, with whom it is claimed that the transaction, which is one of the issues in the case, was had, may be required, in a proper case, to be specified, even though it may be the intention of the opposite party to prove the fact by such individual as a witness. Taylor v. Security Mutual Life Ins. Co., 73 App. Div. 319, 76 N. Y. Supp. 671. In the case at bar the allegations of the answer, with regard to the failure of plaintiff to comply with the re-

quirements of the contract, are numerous, material, and so indefinite as to expose plaintiff to the danger of prejudicial surprise at the trial. It seems to us that the order should be affirmed.

Order affirmed, with $10 costs and disbursements.