(66 Misc. Rep. 173.)

### MACAULAY v. ANTHONY.

(Supreme Court, Appellate Term. February 15, 1910.)

1. PLEADING (§ 318*)—BILL OF PARTICULARS—DEFENSES.

   Plaintiff, suing for wrongful discharge from employment, is entitled to a bill of particulars of the vague and general affirmative defense that the discharge was "for and on account of the failure to perform her duties as saleswoman."

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 963–968; Dec. Dig. § 318.*]

2. PLEADING (§ 318*)—BILL OF PARTICULARS—AFFIRMATIVE DEFENSE.

   The defense, in an action for wrongful discharge from employment, that the discharge was "for and on account of the failure to perform her duties as saleswoman," is none the less an affirmative one, so as to entitle plaintiff to a bill of particulars, because of the allegation of the complaint that up to her discharge "she continued to perform her duties"; that she continued in the employment of defendant being all she is obliged to prove to establish a prima facie case.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 963–968; Dec. Dig. § 318.*]

Appeal from City Court of New York, Special Term.

Action by Margaret Macaulay against Edgar C. Anthony. From an order denying a motion for a bill of particulars, plaintiff appeals. Reversed, and motion granted.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Kenneson & Emley, for appellant.
Leon Lewin, for respondent.

PER CURIAM. Plaintiff sues for damages for wrongful discharge from employment. For an affirmative defense the answer alleges that the discharge was "for and on account of the failure to perform her duties as saleswoman." She is entitled to a bill of particulars of this

very vague and general allegation. Spitz v. Heinze, 77 App. Div. 317, 79 N. Y. Supp. 187. The defense is not any the less an affirmative one because of the phraseology of the complaint, in stating that up to her discharge "she continued to perform" her duties. That she continued in the employment of the defendant was all she was obliged to prove to establish a prima facie case.·

The order should be reversed, with $10 costs and disbursements to appellant to abide the event, and the motion granted.