AMERICAN WOOLEN CO. OF NEW YORK v. ALTKRUG.

(Supreme Court, Appellate Division, First Department. April 8, 1910.)

1. PLEADING (§ 319*)—BILL OF PARTICULARS—NECESSITY.

Where, in an action by a corporation having over 300 employés in its home office and about 55 salesmen for $40,441.25, balance due on sales of merchandise during a period of nearly a year, of the aggregate value of $158,259.14, the answer contained numerous affirmative defenses and counterclaims, involving a large number of separate transactions, such as discounts pursuant to special contracts, damages for breach of warranty, for breach of contract in refusing to deliver goods, and for overcharges, defendant must on motion furnish a bill of particulars giving the names of the persons with whom, and the time and place where, the contracts relied on by him were made, and the names of the persons on whom different demands pleaded were made, and whether such demands were oral or in writing.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 970; Dec. Dig. § 319.*]

---

2. PLEADING (§ 35*)—SURPLUSAGE—SPECIAL DAMAGES.
   Allegations as to the rejection of goods by the customers of a buyer pleading special damages in an action by the seller for the price are surplusage.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 76–80; Dec. Dig. § 35.*]

3. PLEADING (§ 367*)—UNCERTAIN PLEADINGS—REMEDY.
   Where there was a doubt as to whether a counterclaim in an action for the balance due for goods sold and delivered was founded on breach of warranty, or on breach of contract to deliver, or both, the remedy was by motion to make the pleading certain.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1186; Dec. Dig. § 367.*]

Appeal from Trial Term, New York County.

Action by the American Woolen Company of New York against Julius Altkrug. From an order denying a motion for a bill of particulars, plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Edwin D. Hays, for appellant.

Louis J. Altkrug, for respondent.

MILLER, J.   This action is brought to recover a balance of $40,-441.25, claimed to be due on sales of merchandise between December 19, 1906, and December 1, 1907, of the aggregate value of $158,259.14. The answer contains 65 affirmative defenses and counterclaims, involving a large number of separate transactions. They may be grouped into four classes: (1) A counterclaim or set-off for discounts pursuant to special contracts; (2) counterclaims for breach of warranty; (3) counterclaims for breach of contract in refusing to deliver on demand; (4) counterclaims or set-offs for overcharges, for interest on sums paid for goods returned, and the like. The plaintiff is a large corporation, having over 300 employés in its New York office and about 55 salesmen.

The respondent contends that the motion was properly denied because the motion papers fail to show that the plaintiff's officers have not the information sought, and because the opposing papers show that all of the transactions involved are recorded on the plaintiff's books. The answer to that is that the plaintiff wants the particulars of what the defendant claims. It is unnecessary to repeat what this court has recently said respecting the office of bills of particulars. See Dwyer v. Slattery, 118 App. Div. 345, 103 N. Y. Supp. 433. In a case involving transactions so numerous and complicated as the defendant's answer makes those in suit appear to be, it is especially desirable that each party may know in advance of the trial the precise nature of the claims which he has to meet; otherwise the trial will be unduly protracted.

It is necessary only to state the particulars which the defendant should furnish. They are: (1) The name or names of the person or persons with whom, the time when, where the time is not stated in

the answer, and the place or places in the city of New York, where the various contracts, relied upon by the defendant, were made. (2) The name or names of the person or persons upon whom the different demands pleaded were made, whether said demands were oral or in writing; if in writing, a copy of each, and, if oral, the substance thereof.

With respect to the other matters asked for, we think the answer is sufficiently specific. Special damages have been pleaded, and the allegations with respect to the rejection of goods by the defendant's customers are surplusage.

There might be some doubt whether the third to the eleventh counterclaims, inclusive, were founded on breach of warranty or breach of contract to deliver, or both. The plaintiff would, on a proper motion, be entitled to have that doubt solved. But both parties say that those counterclaims are for breaches of warranty, and hence we need not concern ourselves with the matter on this appeal.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, requiring the defendant to furnish the particulars hereinbefore stated. All concur.