STERN v. BELLAS, HESS & CO. (No. 6951.)

(Supreme Court, Appellate Division, First Department. March 19, 1915.)

1. MASTER AND SERVANT ⬅40—GROUNDS FOR DISCHARGE—BURDEN OF PROOF.
    In an action by servant for wrongful discharge, where the master alleged as an affirmative defense that plaintiff, acting as purchasing agent, had demanded and received money and merchandise from those with whom he dealt, etc., and had compelled other employés of the defendant to work for him personally, such facts constituted an affirmative defense, and the defendant had the burden of proof with respect thereto.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 47–49; Dec. Dig. ⬅40.]

2. PLEADING ⬅318—BILL OF PARTICULARS—DEFENSES.
    In an action by servant for wrongful discharge, where the defendant in his separate answer set up that plaintiff, acting as purchasing agent, had accepted bribes, and had forced other employés of the defendant to work for him personally, denial of plaintiff's motion for bill of particulars specifying times and places of such occurrences, to enable the plaintiff to prepare his defense with the minimum of expense, and denial of bill of

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

particulars, as to the names of employés whose services such plaintiff was claimed to have used during business hours for himself, was improper.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 963–969, 971; Dec. Dig. ⬅⇒ 318.]

**3. PLEADING** ⬅⇒**318—BILL OF PARTICULARS—DEFENSES.**

In an action by servant for wrongful discharge, where the master set up as affirmative defense that such servant had neglected to devote his entire time to his employment by absenting himself therefrom, motion by plaintiff for bill of particulars as to days and hours of such alleged absences was properly denied, the demand being too broad, since the employer should be permitted to show that the employé has neglected his duty generally, or from time to time, without being limited to precise days and hours.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 963–969, 971; Dec. Dig. ⬅⇒318.]

Appeal from Special Term, New York County.

Action by Samuel Stern against Bellas, Hess & Co. From an order denying his motion for bill of particulars of certain allegations pleaded as a separate defense, plaintiff appeals. Reversed.

Argued before CLARKE, LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Wales F. Severance, of New York City, for appellant.

Hugo H. Ritterbusch, of New York City (Leon Lewin, of New York City, on the brief), for respondent.

LAUGHLIN, J. This action is brought to recover damages for an alleged wrongful discharge of the plaintiff from the employ of the defendant.

[1] The defendant put in issue all of the allegations of the complaint, with the exception of those showing that it is a corporation and that it entered into a contract for the employment of the plaintiff as alleged, and for a separate defense alleged, among other things, in justification for the discharge, that the plaintiff violated his contract and his duty to the defendant, in that, while acting as purchasing agent of merchandise for it, he on divers occasions demanded, received, and accepted for his own use, from "divers merchants and others," money considerations, clothing, and other merchandise, as a condition of "approving and passing any and all merchandise purchased from" them by him; and compelled "certain employés of the defendant to perform work, labor, and services during working hours, in repairing and manufacturing clothing and other merchandise for his personal benefit and use, and that of other persons," and "at divers times" during the period of his employment, for his personal benefit, "compelled certain employés of the defendant to perform work, labor, and services outside of the defendant's premises during working hours," and "at divers times" during said period "failed and neglected to devote his entire time to the defendant's business, by absenting himself during business hours, all of which violations on the part of the plaintiff were without the knowledge and consent of the defendant." These facts constitute an affirmative defense, and the burden of proof with respect thereto rests on the de-

fendant. Spitz v. Heinze, 77 App. Div. 317, 79 N. Y. Supp. 187. There is, however, the same authority for requiring a bill of particulars of an affirmative defense as for requiring one of a plaintiff's claim. Spitz v. Heinze, supra.

[2] The first demand for a bill of particulars is of the times and occasions, including dates and places, and the names of the persons from whom defendant claims that plaintiff accepted for his own use any consideration or benefit as a condition of approving and passing merchandise purchased by him for defendant. The material part of that demand is, of course, with respect to the names of the persons; and they are required to be given, not on the theory that the plaintiff is entitled to a discovery with respect to the defendant's evidence, but that it is necessary in order that the plaintiff may not be taken by surprise and put to needless preparation for the trial, and may be prepared to meet the evidence adduced in support of the charge, which, on the pleadings, stands denied. Taylor v. Security H. Life Ins. Co., 73 App. Div. 319, 76 N. Y. Supp. 671; Spitz v. Heinze, supra. These are serious charges, and for the same reason, the defendant should be required to state, so far as it is able to do so, the times and places, and in order that the plaintiff may be prepared to show, if it be the fact, that he was elsewhere, or that he may call other witnesses to contradict the testimony offered by the defendant. American Woolen Co. of New York v. Altkrug, 137 App. Div. 621, 122 N. Y. Supp. 394; Knickerbocker Trust Co. v. Packard, 109 App. Div. 421, 96 N. Y. Supp. 412; Smith v. Anderson, 126 App. Div. 24, 110 N. Y. Supp. 191; Spitz v. Heinze, supra; Sundheimer v. Barron & Co., 62 Misc. Rep. 263, 114 N. Y. Supp. 804. The plaintiff is for like reason entitled to know the names of the employés of the defendant, whose services it claims he used during business hours for himself or for others, and the times and places, as near as may be, of those performed elsewhere than at defendant's place of business; but we are of opinion that it would be unreasonable to expect defendant to be able to specify the particular days and hours when plaintiff exacted from its employés services performed at its place of business for his account. The second and third demands of the plaintiff, therefore, should have been granted to the extent herein stated; but the nature of the services is immaterial, as is also the length of time devoted thereto.

[3] The fourth demand is that the defendant specify the times when it claims he failed and neglected to devote his entire time to its business by absenting himself therefrom, and he asks that days and hours be given. This demand was too broad, and was properly denied, for it is manifest that the employer should be at due liberty to show that the employé neglected his duties, generally or from time to time during the course of the employment, without being confined to precise days and hours, and we so held in Spitz v. Heinze, supra.

It follows that the order should be reversed, with $10 costs and disbursements, and motion granted to the extent herein indicated, with $10 costs. All concur.