FRED J. POLLOCK, Respondent, *v.* SAMUEL W. PECK & COMPANY, Appellant.

First Department, December 1, 1916.

Master and servant — action to recover moneys agreed to be paid in consideration of cancellation of contract of employment — defenses — plaintiff's breach of contract of employment — pleading — bill of particulars denied.

Where a complaint alleges that a contract of employment existing between the plaintiff and defendant was canceled by mutual agreement in consideration of a sum of money which the defendant agreed to pay to the plaintiff, the defendant will not be required to give a bill of particulars as to a separate defense, which in substance alleges that the plaintiff agreed to give his entire time to the defendant's business, but neglected to do so, and refused to carry out the terms of his employment, for such defense is in no wise relevant to the cause of action alleged in the complaint which involves merely an agreement to cancel the contract of employment.

*It seems,* moreover, that even if the action should be considered as for a wrongful discharge, the plaintiff would not be entitled to the particulars demanded.

APPEAL by the defendant, Samuel W. Peck & Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of October, 1916, requiring defendant to serve a bill of particulars of a separate defense.

*Sol. Kohn,* for the appellant.

*Ira Skutch,* for the respondent.

SCOTT, J.:

The complaint alleges that on August 6, 1915, defendant employed plaintiff as manager of a department under a written contract; that the term of said employment was until November 1, 1917; that plaintiff entered upon such employment; that in the months of June and July, 1916, it was agreed between plaintiff and defendant that said contract of employment should be canceled and terminated on August 1, 1916, in consideration of which defendant agreed to pay plaintiff the sum of $5,000, inclusive of his salary for the month of June, leaving the sum of $4,250 to be paid; that defendant has refused to pay this sum.

In addition to denying the making of the contract sued upon, the defendant alleges that on August 1, 1916, plaintiff voluntarily relinquished his employment, and as a separate defense that in and by his contract of employment plaintiff agreed to give his entire time and attention to the business of the defendant, including the selling of merchandise in his department, and in every way to advance said business, and that he failed, neglected and refused to carry out these terms of his employment. It is of this last-mentioned defense that defendant has been required to give particulars.

We are unable to see that this defense is in any wise relevant to the cause of action alleged in the complaint and upon which plaintiff must stand or fall. He relies exclusively upon the alleged agreement of cancellation. If such a contract was validly made, as he alleges, it is immaterial whether or not he

faithfully performed the original contract of performance. If, as defendant alleges, no such contract of cancellation was made, plaintiff must fail in this action.

Even if the action could be considered, as it cannot, as one for damages for a wrongful discharge, still the plaintiff would not be entitled to the particulars demanded. (*Spitz* v. *Heinze*, 77 App. Div. 317; *Stern* v. *Bellas, Hess & Co.*, 166 id. 806.)

The order appealed from is reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

CLARKE, P. J., SMITH, PAGE and DAVIS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.