HANNAH L. HAZARD AND MARVIN B. GATES, APPELLANTS, v. CORDELIA BIRDSALL AND OTHERS, RESPONDENTS.

*Bill of particulars, in a partition suit involving the validity of a devise — the testator's incompetency and undue influence alleged as the grounds thereof.*

The power of the court, under section 531 of the Code of Civil Procedure, to order a bill of particulars to be served in an action, other than one upon an accounting, will be exercised with a regard to the nature of the action, and the character of the inquiry to be instituted upon its trial.

Where an action has been begun for the partition of real property, under section 1537 of the Code of Civil Procedure, the terms of which permit the plaintiffs

to allege and establish that an apparent devise to third persons is void, and the plaintiffs allege that such a devise is void because of the testator's incompetency and of undue influence exerted upon him, a motion made by the defendant for a bill of particulars requiring the plaintiffs to state in what particular the execution of said will was defective, and also any particular or special act or false representation relied on as establishing undue influence, will be denied.

APPEAL by the plaintiffs, Hannah L. Hazard and Marvin B. Gates, from an order made at Special Term, and entered in the clerk's office of Monroe county on the 4th day of April, 1891, which required the plaintiffs to serve a bill of particulars herein, setting forth, first, the particular or particulars in which the execution of the will of Benjamin Birdsall was alleged to be defective; second, any particular or special act or false representation, if there be any such act or false representation, which is relied on as establishing undue influence.

The will in question bore date 30th November, 1889, and was admitted to probate by the surrogate of Monroe county, January 2, 1891.

*C. J. Browning,* for the appellants.

*A. E. Sutherland,* for the respondents.

MACOMBER, J :

This action is for the partition of certain lands described in the complaint, of which one Benjamin Birdsall died seized on the 22d day of April, 1890.

The plaintiffs are the daughter and grandson of the decedent, and the defendant Cordelia Birdsall is his widow. The claim made by the plaintiffs is, that they are entitled to a portion of the real estate as tenants in common with other parties named, although the deceased left a will by which the land was apparently devised to the respondent, Cordelia Birdsall. The action, in form, is under section 1537 of the Code of Civil Procedure, which permits persons claiming, as joint tenants or tenants in common, by reason of being heirs-at-law of the person who died in possession of the real property, to maintain an action for the partition thereof, notwithstanding an apparent devise thereof to another by the decedent. By the terms of this section, it is incumbent upon the plaintiffs to allege and establish that such apparent devise is void.

The allegations of the plaintiffs are, so far as is material to this appeal, "that although the said paper purports to be the last will and testament of said Benjamin Birdsall, and by its terms

devises or bequeaths the said real estate or the proceeds thereof to the parties above mentioned, the said apparent devise and bequest, together with the power of sale contained in the said alleged will, is void, and said alleged will is void as to said property, for the reason that the said paper and instrument was not duly executed by the said deceased as his last will and testament, and the alleged execution thereof was not his free and voluntary act; and that when the said paper purports to have been executed the said deceased was not of sound mind, memory and understanding, and that he was incompetent by reason of mental weakness, bodily infirmities and unsoundness of mind to make a will, and that the said Benjamin Birdsall was procured to put his signature to the said paper and to execute the same by the defendant Cordelia Birdsall, through improper and undue influences brought to bear upon him by the said Cordelia Birdsall, and the same was not the free and voluntary act of said deceased."

The order made upon the defendant's motion required the plaintiffs to furnish to the defendant's attorneys, within twenty days, a bill of particulars setting forth:

"*First.* The particular or particulars in which the execution of the will is alleged to be defective.

"*Second.* Any particular or special act or false representation, if there be any such act or false representation, which is relied on as establishing undue influence."

No claim is made but that the complaint is precise and accurate enough to enable the defendants to answer its allegations intelligently; for, simultaneously with the service of the affidavits and notice of motion, an answer putting in issue the principal allegations of the complaint was served. While it is true that, under section 531 of the Code of Civil Procedure, the court is not in terms restricted in granting motions for bills of particulars to cases where the motion is made before answer, yet the fact that a defendant is able and willing to join issue upon the allegations of the complaint is a circumstance in actions, other than those upon an account, to be considered in determining the question whether or not the particular information desired is, in reality, needed by the defendant. Undoubtedly, the office of a bill of particulars is to amplify the pleading so as to specify clearly the claim or defense set up and to limit the generality of a pleading, thus preventing surprises at the

trial. But it is not in all cases that a bill of particulars can be of special service to parties so long as the pleading itself is definite and certain, and one to which the opposite party has voluntarily answered before notice of motion. In the case as presented on this appeal, it seems as if the demand actually made by the notice of motion and by the order was, that the plaintiffs disclose to the defendants the evidence upon which they intended to rely at the trial. This certainly is not the office of a bill of particulars. Though the language of the Code is general and applicable to all civil actions, yet in actions outside of those upon an account, where the items thereof are usually directed to be served when not contained in the pleading, the granting of the order is not a matter of course. The power must be exercised in each case according to the nature of the action and the character of the inquiry to be instituted upon the trial thereof. It appears to us that the first direction contained in the order appealed from requires the plaintiffs to produce the legal argument showing wherein the will was not properly executed; and the second, the evidence upon which they rely to establish undue influence; but it is not the office of a bill of particulars to compel a disclosure of these matters. In the case of *Bennett* v. *Wardell* (43 Hun, 452) which was an action, like the one before us, for the partition of real estate, and where the complaint alleged that the defendant therein claimed an interest in the property under a devise of a will which was void, it was held that the court should not order a bill of particulars specifying the grounds upon which it was claimed the devise was void, and accordingly reversed the order of the Special Term granting the motion for such bill.

Moreover, we do not understand that fraud is charged in the complaint against the apparent devisee, but the order requires the disclosure of any acts of fraud relied on, which may have resulted in making a case of undue influence. In this respect the order was unwarranted by the case, even if in other respects it could be upheld. But under the authority cited above, and for the reason hereinbefore stated, we think that the order of the Special Term was not supported by the case presented.

DWIGHT, P. J., and LEWIS, J., concurred.

Order appealed from reversed, with ten dollars costs and disbursements of appeal, and the motion denied with ten dollars costs.