tablished by proof of the bare relation of trustee and beneficiary, but also the effect of the proof of lack of full valuable consideration for the releases. The defendant was evidently the favorite child. This is evidenced by his business partnership with his father, his living from birth with his parents, both before and after marriage, and the great preference given to him by his father's will. And it is evident that the mother's affection and preference for him and his grew from her happy home life with him and his wife, and their eight growing children, during the ten years of her widowhood. It would be strange had it been otherwise; and that she was influenced by affection or gratitude is legitimate. Marx v. McGlynn, 88 N. Y. 370. On the other hand, no cause for growing affection towards her other children existed. She was free to do as she chose with her life income, and that she gave it to the defendant under the circumstances is not extraordinary. The like is very common and is to be expected. To find fraud or undue influence therefrom would seem to be contrary to the probable truth. Reasons for the making of the releases being so apparent, it would not do to find fraud or undue influence from the mere trust relation. The mother was very old, it is true, but all the evidence shows that she was intelligent, free to come and go, and betrayed no mental failing. It is also to be noted that the defendant was very low from sickness, and not expected to recover, when the mother executed the second release. His condition goes to show that he did not induce her to that act by fraud or undue influence.

Let the account be therefore taken only from the date of the last release.

---

(24 App. Div. 544.)

HAMILTON v. AMERICAN VOTE REGISTERING MACH. CO. et al.

(Supreme Court, Appellate Division, Fourth Department. February 6, 1898.)

1. PLEADING—BILL OF PARTICULARS.
  Where defendant would be left in ignorance of the charge made in the pleading, the court will require that the complaint be made more definite and certain, or a bill of particulars furnished.

2. SAME.
  An allegation that when defendant purchased of a certain company a certain invention, and letters patent which might be issued thereon, it had knowledge of plaintiff's contract with such company for the sale and purchase thereof, is sufficiently definite.

3. SAME—DISCLOSING EVIDENCE.
  On a motion for a bill of particulars, the plaintiff should not be compelled to disclose the evidence by which he will substantiate the allegation of his complaint, which clearly states the claim he makes against defendant.

Appeal from special term.

Action by Arthur S. Hamilton against the American Vote Registering Machine Company and another. Appeal from that part of an order which directs the plaintiff to furnish a bill of particulars setting forth "the circumstances, letters, conversations, or other methods of information, by which it is claimed that the defendant the United States Voting Machine Company had knowledge of any agreement made by the defendant the American Vote Registering Machine Company with the plaintiff, as alleged in paragraph 6 of the complaint, to-

gether with the names of the person or persons communicating such knowledge or information to the defendant, and the times and places when and where such knowledge or information was communicated to the defendant." Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

David Hays, for appellant.
W. A. Southerland, for respondents.

PER CURIAM. It is the province of the complaint to inform the defendant of the specific acts constituting the alleged wrong, and to enable the defendant to know what the plaintiff's charge against him is. And, although a complaint relates to acts of a defendant which must be presumed to have been within his knowledge, yet, if the specific acts constituting the wrong complained of are not stated by the pleader, then further particulars are necessary, in order that the defendant may be definitely advised of the charge made against him. Where the defendant would be left in ignorance of the specific charge made, or attempted to be made, in the pleading, then the court will require, by order, that the complaint be made more definite and certain, or a bill of particulars furnished of plaintiff's charge, in order that the defendant may prepare to meet it on the trial. This is a familiar rule, and the cases cited by respondents' counsel are only declaratory of this rule, and do not extend it. In the case at bar, we think the rule of pleading, in the respect alluded to, has been complied with, and that the allegation which defendant complains of meets the requirements of the rule of pleading governing such cases. The allegation is that when the defendant the United States Voting Machine Company purchased of the American Vote Registering Machine Company the invention relating to voting machines, and the letters patent which might be issued thereon, it had knowledge of the plaintiff's contract with the American Vote Registering Machine Company for the sale and purchase thereof. There is no indefiniteness or uncertainty in the charge thus made. The specific proposition is fully and fairly stated, and the defendant is notified of the claim of plaintiff. The latter has made this allegation in a complaint verified by him. There is no authority given to the courts, either by statute or by decisions, to compel the plaintiff in a case like the one at bar to set forth in a bill of particulars the sources or character of the information from which he derived his knowledge of the fact alleged in his complaint. The language employed in the opinion of the court in Newell v. Butler, 38 Hun, 104, is applicable to the question under consideration:

"The result of the numerous reported adjudications relating to the scope and nature of a bill of particulars is that its only proper office is to give information of the specific proposition for which the pleader contends in respect to any material and issuable fact in the case, but not to disclose the evidence relied upon to establish any such proposition. Where the original pleading itself states the propositions or facts relied upon so specifically and particularly as that to require the party pleading to give further information in reference thereto would be to force him to disclose the evidence which he expects to produce to support them, a bill of particulars is uncalled for."

So, here, the plaintiff, in order to fulfill the requirements of that portion of the order appealed from, would necessarily be compelled to disclose the evidence by which he must substantiate the allegation of his complaint, which clearly and definitely states the specific proposition or claim which he makes against the defendant. This he should not be compelled to do.

So much of the order as is appealed from is reversed, with $10 costs and disbursements.