CROSSMAN v. WYCKOFF et al.

(Supreme Court, Appellate Division, Second Department. June 14, 1898.)

BILL OF PARTICULARS—PARTITION.

   Where a defendant in partition, while admitting the rights and interests alleged in the complaint, denies of his own knowledge that the premises there described are the only lands within the state owned in common by the parties to the action, the plaintiff, who has no knowledge of other lands thus owned, is entitled to a bill of particulars.

Appeal from special term, Kings county.

Action by Joanna E. Crossman against Abraham J. Wyckoff and others. From an order denying plaintiff's application for a bill of particulars, she appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Willard N. Baylis, for appellant.
Adolph Kiendl, for respondents.

CULLEN, J.    This action is brought to partition certain lands of which the plaintiff and parties defendant are seised as tenants in common.    The defendants answered, admitting the allegations of the complaint as to the rights and interests of the parties; but they denied that the premises described in the complaint were the only lands, real estate, or interest therein within the state owned by the parties to the action in common.    The allegations of the answer in this latter respect are positive, and the verifications were made by the defendants of their own knowledge.    The plaintiff's attorney applied to the attorney for the defendants for information concerning the other lands of which it was claimed the parties were seised. No response was made to this application.    Thereupon the plaintiff, on an affidavit that she knew of no other lands belonging to the parties, and an affidavit of her attorney that he had examined the records and could find no such lands, applied to the special term for an order directing the defendants to furnish a bill of particulars of the lands.    The defendants made no answer to the facts alleged in the moving papers, and the court denied the plaintiff's application.

We think this disposition was erroneous.    A party may be required to furnish the particulars of almost any allegation, either of complaint or answer, when the interests of justice require it.    Tilton v. Beecher, 59 N. Y. 176.    If the defendants had submitted an affidavit that they knew of no other lands owned by the parties, then, of course, despite the allegations in their answers, they could not have been directed to furnish a bill of particulars.    But, as they made no denial, it is to be presumed that the allegations of their answers are true, and that they either know or have information of the existence of such lands.    Why should they not be directed to furnish the information? What good object can be attained by subjecting the parties and the courts to the burden of two litigations when one will suffice, and the plaintiff desires to confine the controversy to one action if she can obtain the necessary information?    Under rule 65 of the supreme court, if there are parcels of land not included in this action, the plaintiff may be subjected to the whole costs of the action.    She has therefore every interest to include all the land in this suit, and she should be given that privilege.

The order appealed from should be reversed, with $10 costs and disbursements, to be taxed in the final award of costs, and motion granted.    All concur.