material on the main issue. They do not necessarily constitute a new and independent cause of action, but are rather in aid of the plaintiff's cause of action for a separation as made by her original pleading. N. Y. C. & H. R. R. Co. v. Haffen, 23 App. Div. 377, 48 N. Y. Supp. 316; Bell Telephone Co. v. Home Telephone Co., 52 App. Div. 13, 64 N. Y. Supp. 821. There is a precedent of long standing for granting the motion in actions for a separation. Cornwall v. Cornwall, 30 Hun, 573. Moreover, I think it falls directly within the express authority of section 544 of the Code of Civil Procedure, which provides that:

"Upon the application of either party, the court may, and, in a proper case, must, upon such terms as are just, permit him to make a supplemental complaint, answer or reply alleging material facts which occurred after his former pleading, or of which he was ignorant when it was made, * * * the party may apply for leave to make a supplemental pleading, either in addition to or in place of the former pleading."

Of course, the conduct of the husband subsequent to the commencement of the action will be viewed in the light of the circumstances then existing with an action pending against him; but that goes to the weight, not to the materiality or competency, of the evidence. In this class of actions I think the court should favor amendments to the pleadings which will present all the material facts down to the time of the trial, so far as this may be done without delaying the trial of the issues. I am of opinion, therefore, that the Code authorizes such a pleading, and that the facts entitle the plaintiff to the relief demanded.

If follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

VAN BRUNT, P. J., and O'BRIEN and McLAUGHLIN, JJ., concur. PATTERSON, J., conurs in result.

---

(99 App. Div. 260)

### BRANDT v. BURKE.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. CONTRACT—PERFORMANCE—DENIAL—BILL OF PARTICULARS.
    Where a recovery is sought on the theory of a contract performed, and the answer denies full performance, defendant is not required to give the particulars in which plaintiff has failed to perform.

2. SAME.
    Where, in an action on a contract, defendant denied performance, and alleged by way of offset, without counterclaim, that he had expended certain moneys for labor and materials in completing the contract, etc., such allegations being competent in support of the defense of nonperformance, plaintiff was entitled to a bill of particulars with reference thereto.

Appeal from Special Term, New York County.

Action by Frederick Brandt against Luke A. Burke, impleaded with the city of New York and the National Surety Company. From an order directing service of a bill of particulars, defendant Burke appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

William F. Kimber, for appellant.

Gustav Lange, Jr., for respondent.

O'BRIEN, J.　The cases of Reitmayer v. Crombie, 94 App. Div. 303, 87 N. Y. Supp. 973, and O'Rourke v. U. S. Mortgage & Trust Co., 95 App. Div. 518, 88 N. Y. Supp. 926, are authority for the proposition that where a recovery is sought upon the theory of a contract which has been performed, and wherein the answer denies full performance, a defendant is not required to give the particulars in which the plaintiff has failed to perform; and for the good and sufficient reason that such knowledge is as much within the possession of the plaintiff as of the defendant, and before the former can recover it will be necessary to prove full performance.

It will be noticed that, although the answer alleges that the defendant expended certain moneys for labor and materials in completing the contract, and in the sale and delivery of certain flooring and planking, these are not pleaded as counterclaims, but are set up by way of offset, and no affirmative judgment is asked.　They are undoubtedly good by way of defense, because to that extent they have a tendency to disprove the plaintiff's allegation of performance; but it is questionable whether, under the present Code, a defense by way of offset any longer exists in our practice.　It is unnecessary, however, to decide that question here, because the facts stated which tend to show that the defendant expended a large sum of money in completing the contract, and sold and delivered to the plaintiff a certain amount of planking and flooring in connection therewith, would support the defense of nonperformance.　With respect to such defense, we think that the plaintiff is entitled to the particulars; but with respect to all the other allegations of the answer which negative the claim of performance by the plaintiff, the defendant should not be required to give the particulars.

The order should accordingly be modified, to the extent indicated, by requiring the defendant to furnish only the particulars specified in the paragraphs numbered fifth and ninth in the order, and, as so modified, it should be affirmed, without costs.　All concur.