(120 App. Div. 311)

### WILKS v. GREACEN et al.

(Supreme Court, Appellate Division, First Department. June 28, 1907.)

PLEADING—BILL OF PARTICULARS—WHEN REQUIRED.

Under the rule that, where the allegations of the answer are in effect a denial of a material allegation of the complaint, it is not proper to require the defendants to give a bill of particulars which would limit their proof, where, in an action to set aside alleged fraudulent transfers of property, defendants denied fraudulent intent, and alleged that, when the transfers were made, the grantor owned realty and personalty worth $25,000 above his indebtedness, it was improper to require a bill of par-

ticulars specifying their property; that they unnecessarily made a part of their denial an affirmative allegation that they had property not justifying the requirement.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 954–962.]

Laughlin and McLaughlin, JJ., dissenting.

Appeal from Special Term.

Action by Elizabeth A. Wilks against Rebecca Greacen and another. Defendants appeal separately from orders directing each to serve a bill of particulars. Reversed, and motion denied.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Lyman A. Spalding, for appellants.
William W. Shaw, for respondent.

INGRAHAM, J. It seems to me that the rule that, where the allegations of the answer are in effect a denial of a material allegation of the complaint, it is not proper to require the defendants to give a bill of particulars which would limit them as to their proof, applies to this case. The defendants should be at liberty to introduce any evidence that they can to disprove the main facts upon which the plaintiff bases her right to relief. That the defendants unnecessarily made a part of their denial of a material allegation of the complaint an affirmative allegation that they had property does not justify the court in requiring them to specify what property they had, and thus limit them in the proof with which they can meet the plaintiff's allegation upon which her right to relief depends. I think the case is controlled by Barreto v. Rothschild, 93 App. Div. 211, 87 N. Y. Supp. 553. The principle is the same, and it should be followed. It does not follow, because the court has power to order a bill of particulars, that in this case that power should be exercised. If the plaintiff desires evidence as to the property of the defendants, she can obtain such evidence by any examination of the defendants before trial; but evidence to prove or disprove her allegation should not be sought by a bill of particulars.

I think the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

CLARKE and SCOTT, JJ., concur.

LAUGHLIN, J. (dissenting). This action is brought by a judgment creditor of the defendant, Robert A. Greacen, to set aside transfers of property by him to the defendant Rebecca Greacen, his wife, upon the ground that the same were made in fraud of the rights of creditors. The plaintiff alleges that the transfers, which she seeks to set aside as fraudulent, left the judgment debtor insolvent. The defendants answered separately. Each denied want of consideration and fraudulent intent, and alleged as follows:

"Said defendant denies each and every allegation contained in the paragraph or subdivision of the complaint, marked and designated therein as 'Forty-Third,' and alleges that at the time of the execution and delivery of the

deeds of the properties described in said paragraph or subdivision of the complaint this defendant [meaning Robert A. Greacen] was the owner of real property and personal property in his own right of the value of twenty-five thousand dollars ($25,000) over and above any indebtedness, which he at that time owed, and exclusive of the properties referred to in said paragraph or subdivision of said complaint."

The order requires each of the defendants to furnish a bill of particulars of this allegation of the answer, showing (1) a description of the real property, where it is, when it was acquired, the judgment debtor's title or interest, and "when the same was transferred by him and to whom the same was transferred"; (2) a description of the personal property, showing where it is, the value thereof, and the title or interest of the judgment debtor therein, and "to whom the same was transferred or disposed of by him"; and (3) an itemized statement of the value of the property alleged to have been owned by the judgment debtor at the time he transferred the property to his wife; and, on their failure to comply therewith, each of the defendants is precluded from offering any evidence upon the trial in support of said allegations.

It was entirely unnecessary for either defendant to allege that the judgment debtor retained property of the value of $25,000 or any other sum. It was sufficient to deny the allegation of the complaint that the transfers left him insolvent. The plaintiff will be obliged to establish that allegation before he can recover. Neither defendant shows inability to comply with the requirements of the order. The order is, however, I think, too broad. The court may, in a proper case, require a bill of particulars of a mere denial of an allegation of the complaint of a fact which it is incumbent upon the plaintiff to establish, as in an action for partition, where the defendant denies an allegation that the premises described are the only premises owned by the parties in common. Crossman v. Wyckoff, 32 App. Div. 32, 52 N. Y. Supp. 314. The court may also require a bill of particulars of an unnecessary affirmative defense in an answer, such as that here interposed (Cunard v. Francklyn, 111 N. Y. 511, 19 N. E. 92), or of the consideration of an assignment or transfer alleged by the plaintiff to have been made without consideration, where the defendant denies the allegation and alleges that it was made for a good and sufficient consideration (Gas Works Co. v. Standard Gas Light Co., 47 Hun, 255). The case at bar falls within the doctrine of these decisions, and is not controlled by Barreto v. Rothschild, 93 App. Div. 211, 87 N. Y. Supp. 553, where the action was upon contract, and the defendant denied performance, and affirmatively alleged failure on the part of the plaintiff to perform in certain particulars, and it was held that inasmuch as it was incumbent upon the plaintiff to show performance of the contract, a matter entirely within his knowledge, he was not entitled to a bill of particulars of the alleged violations of the contract claimed by the defendant. Here it must be assumed, according to plaintiff's information, the judgment debtor became insolvent as a result of these transfers of his property. The judgment debtor, who should know, denies this, and his wife, who assumes to know, likewise denies it. It was therefore proper for the court to order a bill of particulars of the prop-

erty, ownership of which defendants claim was retained by the judgment debtor at the time he executed the transfers to his wife, and of the value thereof; but it is immaterial to the defense, presented by the denials and affirmative allegations, the judgment debtor still owns the property. The defendants have not alleged that he still owns it, or that he has assigned or transferred it. They merely allege that he owned it at the time he executed the deed to his wife. The subsequent disposition of present ownership of the property is not involved in the denials or in the affirmative allegations of the defendants' answers, and they may not, therefore, be required to furnish a bill of particulars thereof. If, at the time the judgment debtor conveyed the property to his wife, he had formed a design to dispose of his other property, with a view to hindering, delaying, or defrauding his creditors, and the conveyance to her was without consideration or she knew of his fraudulent purpose and intent, then it might be competent to show the subsequent transfer of his remaining property, but such is not the allegation of the complaint as framed. A bill of particulars will apprise the plaintiff of the defendants' claim and will limit their proof; but to certain facts it would seem that an examination of the defendants would be more satisfactory and it may be necessary to enable plaintiff to establish the facts.

It follows that the order should be modified by omitting the requirement of a statement as to the subsequent disposition of the property by the judgment debtor, or the present location of the property which he has not disposed of, and, as thus modified, affirmed, without costs.

McLAUGHLIN, J., concurs.