## SMITH v. ANDERSON.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

1. PLEADING—BILL OF PARTICULARS—NECESSITY.

An allegation in an answer in an action on a contract that the contract was void for want of consideration was a sufficient specification of defendant's claim that there was no consideration, and brought the case within the rule that a bill of particulars of allegations in an answer which are in effect mere denials of material allegations of the complaint will not be ordered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 963–968.]

2. SAME—RELEASE—PARTICULARS OF.

Where defendant, in an action on a contract, pleads that he was released from his obligation thereunder, he should not be required to particularize the release more than to state whether or not the release was express, and, if so, to set forth a copy thereof, and, if implied from acts, to set forth in general terms the nature of such acts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 963–968.]

3. SAME.

In an action on a contract relating to the purchase by plaintiff of certain corporate stock, whereby defendant was to save plaintiff harmless and reimburse him the amount paid for the stock and to take over the same, the answer alleged that the stock became greatly depreciated in value by reason of the circulation by plaintiff and others, alleged to have been conspirators, of false rumors with respect to the management of the corporation. *Held*, that defendant should be required to furnish a bill of particulars of the false rumors, and of the parties by whom and to whom they were circulated and communicated.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 963–968.]

4. SAME.

In an action on a contract relating to the purchase by plaintiff of certain corporate stock, the answer alleged that a combination between the company whose stock plaintiff was to purchase and another company in which plaintiff was interested was consummated upon representations by plaintiff "that, if a combination upon certain terms specified were effected" between the two companies, plaintiff would be able to do certain things specifically set forth as beneficial to defendant. *Held*, that a bill of particulars of the terms of the agreement for the combination was not required as the terms were not material; the material allegation being that the agreement was consummated.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 963–968.]

5. SAME—PARTICULARS OF EVIDENCE.

Where a pleader alleged an agreement between himself and others for the joint control of a corporation, he should not be required to furnish particulars of the evidence upon which he would claim that such an agreement was made, and an order requiring such particulars should be modified by confining the bill of particulars to a statement as to whether or not the agreement was in writing, and, if so, requiring a copy thereof to be set forth, but, if the agreement was parol, the evidence thereof could not be had by bill of particulars, but must be obtained on proper application by examination of the pleader.

6. SAME.

Where a claim is sufficiently set forth in the pleading to show the nature thereof, a pleader will not be required to give a bill of particulars of his evidence to support the claim.

7. SAME—MATERIALITY OF ALLEGATIONS.

Where a pleader alleges that the effect of the circulation of false rumors regarding the management of a certain corporation was to diminish the power of the corporation to borrow money, he should be required to give the names of the parties refusing to loan money to the corporation by reason of the false rumors, even though the allegation as to the effect of the rumors was immaterial.

8. SAME—PRICE OF CORPORATE STOCK.

Where an answer alleged that certain acts of the plaintiff and others whose conduct he influenced resulted in depressing the market value of certain corporate stock from $110 to $85 a share, defendant should be required to furnish a bill of particulars as to when, where, and to whom and what amount of the shares of the stock of the company sold at $110 per share.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 963–968.]

Appeal from Special Term.

Action by Samuel R. Smith against Frank E. Anderson. From an order directing defendant to serve a bill of particulars of the defenses contained in his amended answer, he appeals. Modified.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Justus P. Sheffield, for appellant.

Eugene D. Hawkins (Alfred Gregory, on the brief), for respondent.

LAUGHLIN, J. The action is brought to recover the purchase price of 386 shares of the capital stock of the Manufacturers' Commercial Company, which it is alleged was purchased and paid for by the plaintiff pursuant to an agreement between the plaintiff and defendant, whereby it was to be purchased by them on the understanding that the defendant was to save the plaintiff harmless and to reimburse the plaintiff the amount paid for the stock and take over the same. The answer of the defendant put in issue many of the material allegations of the complaint, and interposed three separate defenses. The first is that the agreement between plaintiff and defendant and the owners for the purchase of the stock was void as to plaintiff for want of consideration. With respect to this defense the order requires the defendant to furnish a bill of particulars of the specific words, acts, or writings of the plaintiff or defendant, or of the vendors of the stock or their respective agents or representatives, or any other facts or circumstances, "and the times and places thereof by or on account of which defendant claims that there was no consideration or want of consideration for the plaintiff entering into or executing the agreement." The order in this regard requires the defendant to set forth, not the nature of his claim, but his evidence. It is alleged that the agreement was in writing, and signed by the parties. The defense that there was no consideration for the execution of the agreement by the plaintiff is a sufficient specification of the defendant's claim. The plaintiff does not require to enable him to prepare for trial a bill of particulars of the defendant's claim that there was no consideration. That would be requiring defendant to present either

his evidence or his argument thereon. Plaintiff must show a consideration to warrant a recovery, and, if he does, the defendant by this defense is permitted merely to impeach the evidence offered by the plaintiff. The facts bring the case within the rule that a bill of particulars of allegations in an answer which are in effect merely denials of material allegations of the complaint will not be ordered. Wilks v. Greacen, 120 App. Div. 311, 105 N. Y. Supp. 246. The rule still obtains that where the pleading specifies the nature of the claim that is sufficient, and the party will not be required to disclose his evidence. Hamilton v. American Vote Registering Machine Co., 24 App. Div. 544, 49 N. Y. Supp. 595; Roberts v. Cullen (Com. Pl. G. T.) 16 N. Y. Supp. 517; Hazard v. Birdsall, 61 Hun, 208, 16 N. Y. Supp. 30; Bennett v. Wardell, 43 Hun, 452; Brandt v. City of New York, 99 App. Div. 266, 90 N. Y. Supp. 929; Stanley v. Block, 56 App. Div. 549, 67 N. Y. Supp. 471.

The second defense is that the vendors released the plaintiff from any obligation on his part to purchase the stock before the purchase and delivery thereof. He is required to give a bill of particulars of the specific words, acts, or writings upon which he relies as constituting the release. The observations already made and authorities cited render it clear that this part of the order should not have been granted, excepting to the extent of requiring defendant to state whether or not the release was express, and, if so, to set forth a copy thereof, and if implied from acts set forth in general terms the nature of such acts.

The third defense alleges, in effect, that acts of the plaintiff and of others whose conduct he influenced, and his failure to carry out certain agreements made with the defendant, resulted in depressing the market value of the stock from $110 to $85 a share at the time the plaintiff and defendant were obligated to consummate the purchase thereof. The material facts set forth in the defense upon which the claim that plaintiff caused the depression in the market value of the stock is predicated are, in substance, that the defendant was president and owner of the majority of the stock of the Manufacturers' Commercial Company; that plaintiff had been a stockholder and president of the Metropolitan Finance Company in which one Colgate and one Macy were also stockholders; that plaintiff was also president of the Bank of Long Island, in which Colgate and Macy were stockholders and of which the latter was a director; that plaintiff represented and promised to the defendant "that, if a combination upon certain terms specified were effected between the Commercial Company and the Metropolitan Company," plaintiff, Colgate, and Macy would be able to and would effect for the Commercial Company loans upon its securities to the amount of $5,000,000, and that the rate of interest which the Commercial Company was paying for its loans would be so reduced as to save it about $50,000 a year; that upon the faith of such representation and such promise by the plaintiff to the defendant, and relying thereon, the defendant agreed to the combination between the companies upon the terms specified by the exchange of the entire capital stock of the Metropolitan Company for $200,000 preferred stock and $200,000 common stock of the Commercial Company, and the sale to plaintiff, Colgate, and Macy and their

associates of $150,000 preferred stock, and $50,000 common stock of
the Commercial Company for $100,000; that defendant, also upon the
faith of said representation and promise and relying thereon, agreed
as part of said combination to give to plaintiff, Colgate, and Macy
and their associates joint control of the Commercial Company with
the other stockholders, including the naming of half of the members
of the board of directors and of the executive committee, and the
appointment of plaintiff as chairman of the executive committee, not-
withstanding the fact that plaintiff, Colgate, Macy, and their associates
controlled less than one-third of the stock of the Commercial Com-
pany issued and outstanding; that plaintiff thereafter determined and
planned to obtain the full and complete control of the Commercial
Company, of its board of directors and its management, and to de-
pose defendant from his position as president thereof and thereby to
obtain the control and management of the assets of said company,
then amounting to about $4,900,000, and formed a conspiracy to that
end with Colgate, Macy and others; that, in carrying out this plan
and conspiracy, the plaintiff and others of the conspirators circulated
false rumors with respect to the management of the Commercial Com-
pany for the purpose and with the effect of diminishing its power to
borrow money, which was necessary for the proper prosecution of its
business; that plaintiff, also in carrying out said plan and conspiracy,
utterly failed to carry out his promise to obtain said loans upon the
security of the Commercial Company, with the result that the loans
effected for said company through him, Colgate, Macy, and their as-
sociates at no time amounted to $500,000, and that plaintiff utterly
failed to effect the saving of interest to the Commercial Company as
promised; that, in furtherance of said plan and conspiracy, Colgate
and the plaintiff induced the defendant to sell to Colgate and Macy a
sufficient number of shares of the common stock of the Commercial
Company to enable plaintiff, Colgate, Macy, and their associates, with
other stock obtained for them by the defendant, to control the com-
pany, upon the express representation, promise, and agreement by
Colgate and Macy to the defendant that the common stock so sold
by the defendant to the company and the common stock owned by the
defendant, Colgate, and Macy, which together amounted to $690,000
par value, would be voted as a unit; that Colgate and Macy repudiated
their said promise and agreement, and refused to vote said stock as
a unit, and voted it without conference with or the consent of the de-
fendant, and used their control thereof to force the withdrawal of the
defendant from the management of the Commercial Company, and to
place it under the full control of the plaintiff and his associates; that
at the time said combination was effected between the Metropolitan
and the Commercial Company some of the preferred stock of the
Commercial Company sold at $110 a share, the price specified in the
agreement between plaintiff and defendant and the owners of said
386 shares of the stock of said company, and that as a result of the
circulation of said rumors by plaintiff and of said other acts of the
plaintiff and the other conspirators as set forth in the answer, and
of the failure of plaintiff to fulfill his said promise therein set forth,
the preferred stock of the Commercial Company became depressed in

price to $85 per share, and that this depression in price existed at the date upon which the stock was to be purchased by plaintiff and defendant and was occasioned solely by the acts of the plaintiff and his fellow conspirators, and but for their acts set forth in the answer the stock would have been of the market value of at least $110 per share.

The order in subdivision "f" and "g", relating to the third defense, requires the defendant to furnish a bill of particulars of the false rumors with respect to the management of the Manufacturers' Commercial Company alleged to have been circulated by the plaintiff and others alleged to have been conspirators, and of the parties by whom and to whom they were circulated and communicated. In this respect the order is proper, but in most other respects we deem it erroneous, so far as it requires a bill of particulars of the third defense. With respect to that defense, it requires a bill of particulars of the terms of the agreement for a combination between the Manufacturers' and the Metropolitan Companies specified in the answer, as having been made "upon certain terms specified," but not therein set forth. The terms of the agreement not specified are not material. The material charge is that, in consideration for forming the combination, plaintiff promised and agreed to do the things specifically set forth. The terms of the combination are not material. It is sufficient that the combination was consummated as contemplated. It also requires a bill of particulars, giving in detail the words, acts, or writings constituting the alleged agreement for joint control of the Manufacturers' Company. The effect of this part of the order is to require the defendant to set forth the evidence upon which he will claim that such an agreement was made. This is contained in subdivision "d" of the order relating to the third defense. It should be modified by confining the bill of particulars to a statement as to whether the agreement for joint control was in writing, and, if so, requiring defendant to set forth a copy thereof. If the agreement rests in parol, the evidence thereof may not be had by a bill of particulars, but plaintiff may on proper application obtain it by an examination of the defendant. Subdivision "e" of the order requires the defendant to give a bill of particulars of the words, acts or writings, "or any other facts or circumstances," and the times and places thereof, by and on account of which defendant claims that plaintiff determined or planned to obtain control of the Manufacturers' Company. This also requires the defendant to give a bill of particulars of his evidence, and, as his claim is sufficiently set forth, the order in this respect is erroneous. By subdivision "h" of the same part of the order, the defendant is required to give a bill of particulars of the effect of the false rumors in diminishing the power of the company to borrow money, and the names of those who refused to loan it money on account of such rumors, and the amount so refused. The effect which the defendant claims the false rumors had is sufficiently set forth in the charge that it diminished its power to borrow money. The materiality of this allegation in the answer is not apparent, but, since the defendant has seen fit to allege it, he was properly required to give the names of those, if any, who refused on account of the alleged false rumors to lend money to the company and of the amounts so refused. By subdiv-

ision "i" of the order the defendant is required to give a bill of particulars of the words, acts, or writings, "or any other facts or circumstances, and the times and places thereof, by or on account of which defendant claims" (1) that plaintiff failed to carry out his promise to obtains loans on the securities of the Manufacturers' Company; (2) that the loans effected by or through him and others at no time amounted to more than $500,000; (3) that he failed to effect a saving of interest; (4) that he induced defendant to sell stock to enable him and his associates to control the company; (5) that the express representation, promise and agreement by Colgate, and Macy that the common stock owned by them and defendant would be voted as a unit; (6) that they repudiated their promise to vote the stock as a unit; (7) that they voted the stock without conference with or the consent of the defendant, and forced the defendant to withdraw from the management of the company; and (8) that, but for said acts, the stock would have been of the market value of $110 per share. The claim of the defendant with respect to all of these matters is sufficiently set forth, and the effect of the order is to require him to present his evidence in the bill of particulars. It is therefore erroneous. Subdivision "j" of the order requires a bill of particulars as to when, where, and to whom, and what amount of the shares of the preferred stock of the company sold at $110 per share. In this respect the order was proper.

It follows that the order should be modified as herein indicated, the order to be entered to be settled on notice, and, as so modified, affirmed, without costs. All concur.