### JONES v. McDONOUGH et al.

(Supreme Court, Appellate Division, Second Department.   February 10, 1911.)

PLEADING (§ 318*)—BILL OF PARTICULARS.

> In ejectment, defendants claimed as heirs at law of J., and paragraphs 3 and 4 of their answer alleged that at the time plaintiff secured a deed from J. she was physically incapable of transacting business as the result of a stroke of cerebral apoplexy, and that she did not understand the same when she executed it, or the rights and interests of the defendants in the premises in case of her death intestate. Paragraph 5 alleged that the instrument was obtained from J. by deception, fraudulent importunity, and undue influence exerted on her by plaintiff at a time when she, as alleged, was unable to resist the same. *Held* that, if defendants by paragraph 5 intended nothing further than to state their conclusions of fact as to the matters alleged in the two preceding paragraphs, plaintiff was not entitled to a bill of particulars of the facts constituting the fraud and deception charged in paragraph 5, and if such was not the purpose he was entitled to a bill of particulars only as to such matters alleged in the fifth paragraph as averred fraud or undue influence other than that alleged in paragraphs 3 and 4.

> [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 318.*]

Appeal from Special Term, Kings County.

Action by Nicholas Jones against Mary E. McDonough and others. From an order requiring a bill of particulars with reference to an affirmative defense set up in defendants' answer, they appeal. Modified and affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Thomas J. Farrell, for appellants.
Joseph P. Reilly, for respondent.

PER CURIAM. The defendants in this action appeal from an order, made at Special Term in Kings county, requiring them to furnish a bill of particulars relating to an affirmative defense set up in their answer. The action is in ejectment. The plaintiff claims that he is the owner of certain described premises, that the defendants are in possession and withhold possession from him, and asks appropriate

relief. The defendants answer that they are heirs at law of one Helen A. Jones, deceased, who died in possession of and owning the fee of the premises in question on the 28th day of November, 1907. They then proceed to set up, in paragraphs of their answer marked "3" and "4," that for one year prior to her death Helen A. Jones was mentally and physically incapable of transacting business as a result of a stroke of cerebral apoplexy, and that while in this condition the plaintiff obtained from her on October 28, 1907, an instrument purporting to be a deed of the premises in question, and that he claims under this deed. There is a further allegation that, when the instrument was executed, Helen A. Jones was by reason of her enfeebled condition of mind and body incapable of comprehending the nature and effect of the instrument so procured from her by the plaintiff, and did not understand or comprehend the same when she executed it, nor did she comprehend the rights and interests of the defendants in said premises in case of her death intestate. By paragraph 5 of the answer it was further alleged as follows:

"That said instrument was obtained from said Helen A. Jones by the deception, fraudulent importunity, and undue influence exerted on her by the plaintiff herein, at a time when she was, by reason of her aforesaid condition, unable to resist the same."

On the application of the plaintiff, an order was made directing the defendant to serve a bill of particulars, specifying, among other things, as follows:

"(1) The nature, character, and manner of each and every act of deception and fraudulent importunity and undue influence which the said defendant will undertake to prove at the trial of this action, as having been exerted on Helen A. Jones, by the plaintiff herein, as alleged or referred to in paragraph designated 'Fifth' of the answers of the said defendants."

From this part of the order the defendants appeal.

On the face of the answer it is not clear that the defendants intended in the paragraph marked "Fifth" to do anything further than to state their conclusions of fact as to the matters alleged in the paragraphs marked "Third" and "Fourth." If such was their intent, then they should not be required to furnish a bill of particulars as to such matters; for they cannot very well do so without disclosing in detail their evidence, and this they are not required to do, as the matters set forth in paragraphs "Third" and "Fourth" sufficiently apprise the plaintiff of the issue which he has to meet. Hazard v. Birdsall, 61 Hun, 208, 16 N. Y. Supp. 30.

If, however, the defendants intended by the fifth paragraph of their answer to allege fraud and undue influence other than that stated in the third and fourth paragraphs, the allegation is so vague and indefinite as to justify the ordering a bill of particulars thereof. The situation presented is easily remedied by modifying the order, to so restrict the bill of particulars as to matters alleged in the fifth paragraph of the answer which aver fraud or undue influence other than that alleged in paragraphs third and fourth.

The order, so far as it is appealed from, should be so modified, and, as thus modified, affirmed, without costs.