FRESENBORG v. REILLY.

(Supreme Court, Appellate Division, Second Department.   February 11, 1896.)

1. MORTGAGE FORECLOSURE—PLEADING.
    Where the complaint, in an action to foreclose a mortgage given by one who indorsed a note before delivery, alleges a covenant in the mortgage to pay the note, an allegation that the indorsement was made to give credit to the maker was unnecessary.

2. SAME—JUDGMENT.
    An indorser who gave a mortgage containing a personal covenant to pay the note cannot complain of a judgment not asserting a personal liability against him for the debt or for a deficiency.

Appeal from special term.

Action by Bernard Fresenborg against Hugh J. Reilly to foreclose a mortgage.   Judgment for plaintiff, and defendant appeals.   Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

Browne & Sheehan, for appellant.
George H. Finck, for respondent.

BROWN, P. J.   This appeal is from a final judgment entered in an action to foreclose a mortgage upon real estate, and the notice of appeal presents for review an intermediate order overruling a demurrer taken to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action.   The complaint alleges:   (1) The making of a promissory note by Adeline Reilly, payable to the order of the plaintiff, which was, before its delivery, indorsed by the appellant, and, so indorsed, delivered, for a good consideration, to the plaintiff.   (2) That thereafter the appellant, for the purpose of securing the payment of said note, duly executed and delivered to the plaintiff a mortgage upon the real estate described in the complaint.   That the said mortgage contained the following

provision: "Provided, always, * * * that the said party of the first part will pay the indebtedness as hereinbefore provided, and, if default be made in the payment of any part thereof, the party of the second part shall have power to sell the premises herein described, according to law." It further contained allegations of default in the payment of the note by the maker, and demand of payment thereof from the appellant, and refusal. The criticism made upon the complaint by the counsel for the appellant is that it was necessary for the plaintiff to allege that the appellant indorsed the note in question for the purpose of lending credit to the maker, and that, in the absence of such an allegation, the legal presumption arising upon the face of the note was that the appellant was a second indorser. We deem it unnecessary to express any opinion upon this question. Whether parol evidence would have been admissible to show the real purpose and intent of the indorser, in the absence of an allegation to that effect, need not now be decided.

The complaint before us contains an allegation that the appellant, in the mortgage, expressly covenanted to pay the note. There was, consequently, a good cause of action pleaded, entirely outside of any question of liability arising upon the note. But the judgment appealed from contains no provision adjudging the appellant to be personally liable for the debt, and there can be, of course, no question but that the mortgage was enforceable against the property. In the absence of a provision in the judgment providing that the appellant shall be liable for any deficiency arising upon the sale of the mortgaged property, I am unable to perceive what cause he has to appeal.

The judgment and order must be affirmed, with costs to be paid by the appellant personally. All concur.