WYNKOOP–HALLENBECK–CRAWFORD CO. v. ALBANY EVENING
UNION CO.

(Supreme Court, Appellate Division, First Department. February 11, 1898.)

ACTION FOR LIBEL—ANSWER—BILL OF PARTICULARS.

In an action for libel brought by the state printer against the publisher
of a newspaper, *held*, that the plaintiff was entitled to a bill of particulars
of matters set up in justification in the answer, covering a list of bills
alleged to have been presented to the comptroller, and to have contained
false and fraudulent charges; the title of reports in which paper was
alleged to have been used in violation of contract; the title of reports
required to be printed by plaintiff, but alleged to have been printed else-
where; and the matters from which, by reason of plaintiff's alleged delay
and failure to perform, the state received no service.

Appeal from special term.

Action by Wynkoop-Hallenbeck-Crawford Company against the Albany Evening Union Company. From an order denying a motion for a bill of particulars, plaintiff appeals. Reversed.

The action was brought by plaintiff, the state printer, to recover damages because of an alleged libel published in defendant's newspaper. The article in question related to alleged delays attending the execution of a contract for legislative printing; to the manner in which resolutions for "extra" work had been procured from the legislature, etc. The defendant set up a defense of justification. In addition to the matters mentioned in the opinion, plaintiff also asked for a specification, among other things, of the year in which the state comptroller, as alleged, called attention, in a report, to the cost of work done under plaintiff's contract, and of the names of the friends of plaintiff who, as alleged, secured orders for extra printing.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, INGRAHAM, and McLAUGHLIN, JJ.

Abel Crook, for appellant.

M. T. Hun, for respondent.

PER CURIAM. While it is apparent that the plaintiff is not entitled to a bill of particulars to the extent demanded by it upon the motion which was denied, yet it appears, upon a reading of the answer, that it is entitled to be apprised with greater particularity than is therein contained as to some of the alleged fraudulent practices charged against it. We think that the motion for a bill of particulars should have been granted to the extent of requiring the defendant to furnish (1) a list of the bills presented to the comptroller referred to in the answer, containing false and fraudulent charges; (2) the title of the reports in which paper was used in violation of the contract; (3) the title of the reports required to be printed which were not printed by plaintiff, but printed elsewhere; and (4) the matters from which, by reason of the delay and failure of the plaintiff to execute its contract, the state got no service.

The order should be reversed, and the motion granted to the extent indicated in this opinion, with $10 costs and disbursements of appeal, and $10 costs of motion to abide the final event.