O'ROURKE et al. v. UNITED STATES MORTGAGE & TRUST CO.

(Supreme Court, Appellate Division, First Department. June 24, 1904.)

1. CONTRACTS—DENIAL OF PERFORMANCE—BILL OF PARTICULARS.

Where plaintiffs sued for compensation under a contract for services as architects, which plaintiffs alleged they had performed, and defendant denied that the contract had been performed, plaintiffs were not entitled to a bill of particulars specifying the particulars in which defendant expected to disprove the claim of performance.

2. SAME—DAMAGE.

It was proper to require defendant to file a bill of particulars setting forth in detail the money damage alleged to have been sustained by the negligent and improper conduct of plaintiffs in excess of the amount claimed by them.

Appeal from Special Term, New York County.

Action by Jeremiah O'Rourke and others against the United States Mortgage & Trust Company. From an order granting plaintiffs' motion for a bill of particulars, defendant appeals. Modified.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Theodore H. Lord, for appellant.
Henry R. Willis, for respondents.

INGRAHAM, J. This action is to recover upon a contract, a copy of which is annexed to the complaint. By this contract the plaintiffs, who were architects, were employed to act in the preparation of plans and specifications for the construction of a hotel or apartment house, and to supervise the erection of the building, the plaintiffs claiming under the contract that they were entitled to the sum of $39,624.68, of which they have been paid $30,000, leaving a balance due for which they seek to recover. The complaint alleges the complete performance by the plaintiffs of the contract on their part. The answer admits the making of the contract, denies that the amount was due to the plaintiffs as claimed by them, denies that the plaintiffs performed the contract, and alleges that the plans were carelessly, negligently, and

¶ 1. See Pleading, vol. 39, Cent. Dig. §§ 963, 968.

improperly prepared, that the plaintiffs failed to furnish such expert knowledge or advice in their capacity as such architects as was requisite in the construction of the building, and generally that the plaintiffs had failed to perform the contract on their part.   The answer also sets up two counterclaims, whereupon the defendant served upon the plaintiffs a demand for a bill of particulars.   This consisted of 16 separate demands relating to the first counterclaim and five separate demands relating to the second counterclaim.   The court granted an order requiring the defendant to furnish the plaintiffs with a bill of particulars setting forth the matters specified in the demand of the plaintiffs except as to the eleventh, thirteenth, fourteenth, and fifteenth paragraphs of the demand.

We do not think that the plaintiffs are entitled to the particulars in relation to the first counterclaim except as to the sixteenth paragraph. This counterclaim consisted of an allegation of the particulars in which the plaintiffs had failed to perform their contract.   The performance of the contract was alleged by the plaintiffs, and to recover they are required to prove such performance.   We have frequently held that, where the substance of the answer is a denial of the performance of the contract by the plaintiff, who is required to prove performance to entitle him to recover, the plaintiff is not entitled to a bill of particulars specifying the items in which he has failed to perform; that the defendant is entitled, upon a denial of performance by the plaintiff, to prove any particular in which the plaintiff has failed to perform the contract; and that he should not be restricted in such proof by requiring him to specify the particulars in which he expects to meet and disprove the plaintiff's allegation of performance.   The sixteenth paragraph of the plaintiffs' demand is the only one relating to the second counterclaim to which we think the plaintiffs are entitled.   That requires the defendant to give an itemized statement setting forth in detail the money damage alleged to have been sustained by the plaintiffs in excess of the amount claimed by the plaintiffs by reason of negligent and improper conduct of the plaintiffs.   With regard to the demand for particulars as to the second counterclaim, the first paragraph of that demand should not be allowed for the reason before indicated.   It requires the defendant to give an itemized statement setting forth in detail the extent of the failure of the plaintiffs to perform their agreement.   That is a matter for the plaintiffs to prove.   As to the second, third, fourth, and fifth paragraphs of the demand, we think the court below correctly required the defendant to give the particulars.   They relate to the items of the defendant's damage.

The order appealed from should be modified by requiring the defendant to furnish the plaintiffs a bill of particulars setting forth in detail the money damage which the plaintiffs allege they sustained, in excess of the amount claimed in the complaint, by reason of the negligent and improper conduct of the plaintiffs as set forth in the fifth paragraph of the answer, and also to furnish an itemized statement as specified in the second, third, fourth, and fifth demands for a bill of particulars in relation to the second counterclaim contained in the answer, and that the plaintiffs' motion for other particulars, except as thus stated, be denied; and the order, as modified, is affirmed, without costs.   All concur.