(45 Misc. 344)

### ARMSTRONG v. HEIDE.

(Supreme Court, Appellate Term. November 10, 1904.)

1. SALES—BREACH OF CONTRACT—PLEADING—BILL OF PARTICULARS.

Where, in an action for breach of defendant's contract to accept certain candy pails, the contract alleged required plaintiff to abstain from making sales of similar goods to certain candy manufacturers during the period of deliveries to defendant under the contract, and plaintiff claimed as part of his damage a loss sustained by compliance with such provision, plaintiff was not bound to serve a bill of particulars specifying the names and addresses of the different dealers whose trade in plaintiff's goods was lost by such compliance.

Appeal from City Court of New York.

Action by Paul Armstrong against Henry Heide. From an order of the City Court of New York requiring plaintiff to serve a further bill of particulars, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

J. P. Solomon, for appellant.

Alfred J. Amend and John E. Donnelly, for respondent.

BISCHOFF, J. This action is brought to recover damages for the defendant's breach of a contract to accept 100,000 pails to be furnished by the plaintiff, and general damages, in the sum of $1,000, are alleged.

By an order heretofore made, and not the subject of this appeal, the plaintiff was required to particularize his allegation of general damages, and a bill of particulars was served, which stated a certain portion of the damages to be measured by the difference between the cost of manufacture and the contract price of the goods, the remaining portion being stated to be damages arising by reason of the plaintiff's observance of a covenant in the agreement of sale whereby he was restricted, during the period for deliveries, from making any sales of similar goods to candy manufacturers in the three cities of New York, Brooklyn, and Philadelphia. It appears from the contract, which is annexed to the complaint, that the defendant had a period of six months within which to accept the goods called for by the contract; hence that his default of performance would not arise until the expiration of that period for the purpose of relieving the plaintiff

from the restrictive provision, and the damages indicated as arising from the restriction would therefore depend upon such proof as the plaintiff could produce showing the general value of the business which he was thus made to lose.

The order appealed from requires the plaintiff to specify the names and addresses of the different dealers in the three cities mentioned whose trade in these particular goods he thus lost, but, in our opinion, the requirement should not be made. This is not a case where the business lost could be particularized, for the reason that the restrictive covenant operated to prevent the solicitation of orders, and it would be impossible for the plaintiff to say that he had actually lost an order from every one of the candy manufacturers in these three cities, while to limit him to such instances of loss as he could accurately point out would not fairly serve to measure his actual loss. If he may recover at all upon his claim of damage, the recovery cannot be based upon specific instances from the very nature of the case, and, without passing upon the question whether any particulars should have been ordered of these general damages in the first instance, we conclude that the order before us should not have been granted in the exercise of the court's sound discretion.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.