## READER v. HAGGIN.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

1. PLEADING—BILL OF PARTICULARS—DEMAND FOR AFFIRMATIVE RELIEF.

    A demand for affirmative relief is not essential to authorize the court to direct a bill of particulars, which may be granted of defenses not involving a counterclaim.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 963–971.]

2. SAME.

    In an action for slander, plaintiff alleged that defendant had stated that a mining company of which plaintiff was an officer was a fake concern, and that its officers were frauds, blackmailers, and liars. Defendant's answer set up that he was a stockholder in another mining company owning valuable mines in a certain district; that plaintiff and others organized plaintiff's company under a name similar to that of defendant's company to deceive the public; that plaintiff and other officers of her company issued advertisements falsely representing that their company owned mines which it did not own and that it was joint owner with defendant and others in some of their richest mines; that to injure defendant's company and extort money plaintiff requested an employé of defendant's company to prevent their acquisition of certain mines by inducing parties with whom defendant's company had contracted to break their contracts, etc. Held, that plaintiff was not entitled to a bill of particulars; it not being probable that she would be surprised by any proof offered under defendant's allegations.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 963–971.]

Appeal from Special Term.

Action by Eleanor Rawle Reader against James B. Haggin. From an order denying plaintiff's motion for a bill of particulars of the partial defense contained in the answer, she appeals. Affirmed.

See 114 App. Div. 112, 99 N. Y. Supp. 681.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Alexander S. Bacon, for appellant.

Clifton P. Williamson, for respondent.

LAUGHLIN, J. The action is to recover damages for slander. The alleged slander relates to the plaintiff's connection with the Cerro de Pasco Tunnel & Mining Company. The slanderous words alleged to have been uttered by the defendant of and concerning the plaintiff, are as follows:

"The Cerro de Pasco Tunnel & Mining Company (a company of which the plaintiff herein was then and still is an officer) is a fake concern. It is a strike against me (meaning the defendant) and my associates. That Cerro de Pasco Tunnel & Mining Company has no property and it has no mines, and is a fraud on those who have been induced to buy its stocks. It is a fake concern. Its officers (meaning this plaintiff, among others) are frauds, blackmailers, and liars, and have published false statements about the financial condition, alleged property rights, and business of the company, and the purpose of the company is to blackmail me and my associates as owners of mines in Peru."

The complaint contains seven counts, each alleging the utterance of the same slanderous words, but to different people and at different times. The facts pleaded "for a separate and partial defense to the entire amended complaint herein and by way of mitigation of damages," concerning which the plaintiff desires a bill of particulars, are, in substance, that the defendant was a stockholder in the Cerro de Pasco Mining Company, a widely known and reputable corporation owning valuable mines in the Cerro de Pasco district of Peru; that the plaintiff and others organized the Cerro de Pasco Tunnel & Mining Company, mentioned in the alleged slanderous utterances under a name closely resembling the name of the company in which the defendant was a stockholder, for the purpose of deceiving the public and inducing the investment of money in its stock and obligations, in the belief that it was the company in which defendant was a stockholder, to his injury and to the injury of his company; that the plaintiff and the other officers of the company with which she was connected issued or caused to be issued prospectuses and advertisements falsely stating and representing that their corporation owned or controlled mines and other properties which it did not own or control, and that it was joint owner with the defendant and certain of his associates in some of their richest mines in said district of Peru, and thereby induced the purchase of stock in the new company in the belief that such statements were true; that with the purpose and intent of causing the older company, in which defendant was a stockholder, and the defendant and his associates as owners of mines in Peru, great injury and pecuniary loss, and of extorting money from them, and of hindering, embarrassing, and otherwise injuring them in the acquisition of mines in said dis-

trict, the plaintiff procured the new company to be incorporated with a name closely resembling the other, and requested one Juan Garland, who then was and prior thereto had been employed in Peru by the old company and by the defendant and his associates, to betray his employers and prevent their acquisition of certain mines by inducing and procuring parties in Peru who had made contracts under which their mines were to be acquired to violate such contracts and to institute legal actions and proceedings to recover possession of the mines, and sought to coerce the old company, the defendant and his associates, into paying a large sum of money "to the plaintiff and her said corporation."

A demand for affirmative relief is not essential to authorize the court to direct a bill of particulars, and bills of particulars are granted of defenses not involving a counterclaim or demand for affirmative relief, as of a defense of breach of warranty to an action on an insurance policy (Dwight et al. v. Germania Life Ins. Co., 84 N. Y. 493), or of contracts interposed as a defense (Kelsey v. Sargent, 100 N. Y. 602, 3 N. E. 795), or of matter pleaded in justification in libel (Wynkoop-Hallenbeck-Crawford Co. v. Albany Evening Union Co., 26 App. Div. 623, 49 N. Y. Supp. 662); but doubt has been expressed in some cases as to the propriety of requiring or the authority of the court to order a bill of particulars with respect to matter pleaded as a partial defense or in mitigation of damages (see Hatch v. Matthews, 85 Hun, 522–529, 33 N. Y. Supp. 332; Newell v. Butler, 38 Hun, 104; Holmes v. Jones, 13 N. Y. St. Rep. 57). It is unnecessary in this case to resolve the doubt on that point, and, since matter pleaded as a partial defense or by way of mitigation may, in some instances, render admissible the introduction of evidence which may reduce the recovery to nominal damages in which case it would differ from a complete defense only in a very small degree, I deem it inadvisable at this time to express an opinion on the question. In so far as the matters pleaded as a partial defense and by way of mitigation are not specific and definite charges, they relate to the motives of the plaintiff, to official action by the company with which she was connected or its officers, in which she participated, or to printed or written matter prepared and issued, or caused to be prepared and issued, by her and other officers of the company. It is not probable that any proof will be offered under these allegations which will take the plaintiff by surprise, or which she will not be as well prepared to meet as if defendant were required to furnish her a bill of particulars.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.