It is not that he supposes, etc., but that he has reasonable ground to suppose. It is also urged that the instruction is erroneous because it excludes every element or fact except that the person has "approached" the track, and the distance of the car, and tests his contributory negligence by these alone. By no means; it excludes nothing. The test put by the instruction is that the pedestrian have "reasonable ground to suppose" he can pass in safety, and that embraces the distance of the car, its speed—in fine, everything. It will not do to finesse with the charges of trial judges. Controlling regard should be had to the substance, even in the rough, rather than to fine distinctions which those who seek to make them find our language scarcely flexible enough to express. This instruction was given at the request of the plaintiff's attorney. Requests to charge such abstract propositions should not be made. The charge to the jury and requests to charge should be based on the concrete facts of the case. A charge is not to be a mere legal essay.

The judgment should be affirmed.

Judgment and order affirmed, with costs. WOODWARD, RICH, and MILLER, JJ., concur. JENKS, J., votes for reversal, on the ground of error in the charge of the court at folios 206 and 207 of the record.

---

STROHMEYER & ARPE CO. v. HARTLEY SILK MFG. CO.

(Supreme Court, Appellate Division, First Department.   January 8, 1909.)

1. PLEADING (§ 319*)—BILL OF PARTICULARS—ON COUNTERCLAIM.

In an action for goods sold, where defendant counterclaimed for the increased price paid for similar goods in the open market, where he was compelled to purchase because of the defective quality of the goods delivered, alleging the amount of goods purchased, the contract price, and that paid in the market, so that the amount of damages claimed could be computed, no bill of particulars as to the items of damage claimed was necessary.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 970; Dec. Dig. § 319.*]

2. SALES (§ 418*)—BREACH OF CONTRACT BY SELLER—DAMAGES.

If the seller refused to deliver goods of the quality purchased, the buyer's measure of damages is the difference between the contract price and the market value at the time of delivery, or a reasonable time thereafter.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1200; Dec. Dig. § 418.*]

3. SALES (§ 416*)—BREACH OF CONTRACT BY SELLER—DAMAGES—EVIDENCE.

Where the seller failed to deliver goods of the quality contracted for, the buyer was not required to buy other goods in order to fix his damages, and proof of a purchase of other goods was inadmissible on the issue of damages.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1172; Dec. Dig. § 416.*]

4. SALES (§ 413*)—BREACH OF CONTRACT BY SELLER—DAMAGES—PLEADING.

Where no special damages were alleged to have resulted from the seller's failure to deliver goods of the quality purchased, and the existence of a market for such goods was alleged, so that the buyer's measure of damages was the difference between the contract price and the market value at the time of delivery, evidence of what the buyer actually paid for simi-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lar goods on the market was inadmissible to establish the market value or fix his measure of damages.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1166; Dec. Dig. § 413.*]

5. PLEADING (§ 319*)—BILL OF PARTICULARS—ON COUNTERCLAIM.

Since proof of what the buyer actually paid for goods would be inadmissible to prove the market value of such goods on his counterclaim for the seller's failure to deliver goods of the quality purchased, in an action by the seller for the price, the buyer was improperly required to furnish a bill of particulars of the time and place goods were purchased in the market to replace those delivered, or the name of the seller, terms of purchase, etc.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 970; Dec. Dig. § 319.*]

Ingraham and McLaughlin, JJ., dissenting in part.

Appeal from Special Term.

Action by the Strohmeyer & Arpe Company against the Hartley Silk Manufacturing Company. From an order requiring defendant to serve a bill of particulars with its counterclaim, it appealed. Reversed, and motion for bill denied.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Clifford Seasongood, for appellant.

Henry L. Scheuerman, for respondent.

SCOTT, J. In my opinion the order for a bill of particulars should be reversed in toto. Plaintiff sues for damages arising out of defendant's refusal to take certain goods alleged to have been purchased by defendant. Defendant counterclaims in two counts, alleging that the goods delivered were of inferior quality, and that it was obliged to buy, and did buy, goods of the agreed quality in the open market at an advanced price. It claims as damages the difference between the market price and the price at which it purchased in the open market. No special damages are alleged. The order appealed from requires defendant to state the items constituting the damage claimed. All agree that so much of the order should be reversed because the counterclaims distinctly state the amount of goods purchased, the contract price, and the price paid in the open market.

The amount of damages claimed is a mere matter of computation from these items, and no bill of particulars is necessary. Greene v. Johnson, 126 App. Div. 33, 110 N. Y. Supp. 104. The order also requires the defendant to state the date and place of purchase of the goods bought in the open market, the name of the seller, the amount and price thereof, and the terms of purchase and delivery. These particulars should not have been ordered, because the matter referred to cannot be proved on the trial, unless plaintiff consents thereto. If plaintiff did in fact refuse to deliver goods of the quality contracted for, the measure of its damage is the difference between the contract price and the market price at the agreed date of delivery, or within a reasonable time thereafter. The defendant was not bound to purchase other goods in order to fix the damages, and proof of such purchase, and the amount paid thereon, would be inadmissible either to fix the damages

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or to establish the market price. To make such proof would be to show special damage, which would be allowed only upon allegation and proof that there was no market price for such goods. There is no such allegation in the answer. On the contrary, there is distinctly alleged that there was an open market. No advantage can come to plaintiff from being informed of the particulars of a transaction which cannot be made a matter of proof on the trial.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

CLARKE and HOUGHTON, JJ., concur.

INGRAHAM, J. (dissenting). The defendant has seen fit to allege in his answer, as a defense and by way of counterclaim, that the plaintiff failed to comply with his contract, and that he failed to deliver goods of the quality and character that he had warranted and represented, that the defendant refused to accept the goods tendered by the plaintiff, and that by reason of the premises he was obliged to purchase the goods in the open market at $2.95 per pound, to the damage of the defendant of $4,180. It is as to this defense and counterclaim that the plaintiff demanded a bill of particulars. The defendant is entitled to have the question presented upon the trial whether it can recover as damages the difference between the contract price and the price at which it was compelled to purchase the goods in the open market; and, as the plaintiff has to meet that defense and counterclaim, he is, I think, clearly entitled to the particulars of the defendant's claim so that it may be able to meet it. I agree in the opinion of Mr. Justice SCOTT in so far as it holds that the first and third clauses in the order should not have been granted, but I think the plaintiff was entitled to the bill of particulars required by the second and fourth clauses of the order.

I therefore think the order should be modified by striking out the first and third clauses thereof, and, as so modified, affirmed, without costs to either party.

McLAUGHLIN, J., concurs in dissent.