(134 App. Div. 450.)

RADCLIFFE et al. v. NEW YORK CAB CO.

(Supreme Court, Appellate Division, First Department. November 12, 1909.)

1. PLEADING (§ 319*)—BILL OF PARTICULARS—COUNTERCLAIM.

Under the rule that, where general damages are claimed, it is not proper to compel the party claiming them to specify the particulars, where, in an action by architects for services, defendant set up a counterclaim based on plaintiffs' neglect, alleging damages generally, it was error to require defendant to specify in what respect plaintiffs were negligent in supervision, the particular items of erroneous advice given defendant, and the particular items of damages constituting the amount claimed.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 970; Dec. Dig. § 319.*]

2. PLEADING (§ 319*)—BILL OF PARTICULARS—COUNTERCLAIM.

In an action by architects for services, where defendant counterclaimed for damages through plaintiffs' negligence in performing the services, plaintiffs were not entitled to have defendant give the particular items going to make up the sum of $180,000, the final cost of the building; compliance with such requirement being impossible.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 970; Dec. Dig. § 319.*]

Appeal from Special Term, New York County.

Action by Robert D. Radcliffe and another against the New York Cab Company. From an order granting plaintiffs' motion for a bill of particulars as to defendant's counterclaim, defendant appeals. Modified, and, as modified, affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Martin A. Schenck, for appellant.

John J. Loomis, for respondents.

PER CURIAM. There are two causes of action set forth in the complaint, by which the plaintiffs seek to recover for their services as

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

architects, alleged to have been rendered to the defendant. The answer denies the material allegations of the complaint, and sets up a counterclaim, based upon the neglect and failure of the plaintiffs to perform the services which they undertook to perform. The plaintiffs thereupon made a motion for a bill of particulars in relation to this counterclaim, which motion was granted, and from the order granting it the defendant appeals.

We think the third clause of the order, which requires the defendant to specify in what respect the plaintiffs were negligent in supervision, the fourth clause of the order, where the defendant was required to specify the particular items of erroneous advice given to the defendant, and the tenth clause of the order, which requires the defendant to give the particular items of damage going to make up the sum of $10,000, was erroneous. The allegation of damage was general, based upon the negligence of the plaintiffs; and where general damages are claimed, it is not proper to compel the party claiming them to specify the particulars. We also think that the thirteenth clause of the order, which requires the defendant to give the particular items going to make up the sum of $180,000, the final cost of the said building, should not be required. It would be manifestly impossible for the defendant to specify each item of cost in the construction of such a building.

It follows, therefore, that the third, fourth, tenth, and thirteenth clauses of the order should be stricken out, and the order, as thus modified, affirmed, without costs of this appeal to either party.