### DIAMOND MILLS PAPER CO. v. INDEPENDENT PEERLESS PATTERN CO.

(City Court of New York, Special Term. March, 1910.)

1. PLEADING (§ 319*)—BILL OF PARTICULARS.

Where defendant counterclaims for the amount of certain purchases of tissue paper in the open market, a motion for a bill of particulars, setting forth the names and addresses, and amounts, etc., of such purchases, and particulars of defendant's contract with its customers, will not be granted.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 970; Dec. Dig. § 319.*]

2. SALES (§ 418*)—BREACH OF CONTRACT—MEASURE OF DAMAGES.

The ordinary rule of damages for breach of contract to deliver goods sold is the difference between the contract price and the market price at the time and place of delivery; but special damages are allowed when this rule will not furnish a full indemnity.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174–1201; Dec. Dig. § 418.*]

Action by the Diamond Mills Paper Company against the Independent Peerless Pattern Company. Motion for a bill of particulars of facts alleged in defendant's answer. Motion granted in part.

Adolph M. Schwarz, for plaintiff.

Crane & Baer, for defendant.

FINELITE, J. This is a motion for a bill of particulars of the facts alleged in the counterclaim in defendant's answer. So much of said motion as asks for the names and addresses, amounts, etc., of defendant's purchases of tissue paper in the open market is denied. See Stohmeyer & Arpe Co. v. Barclay Silk Mfg. Co., 130 App. Div. 102, 114 N. Y. Supp. 287; Saxe v. Penoke Lumber Co., 159 N. Y. 371, 379, 54 N. E. 14. Also, so far as the motion asks for the particulars of the defendant's contract with its customers, as this is only part of the demand for general damage. Bolognesi v. Hirzel, 58 App. Div. 534, 69 N. Y. Supp. 534.

So far as the demand relates to the particulars as to the breach of the agreement herein, the defendant alleges that the plaintiff had and will suffer damages in the loss of commissions that they could have and would have earned under said agreement was considered a demand for general damages, and that the plaintiff is not entitled to a bill of particulars. Armstrong v. Heide, 45 Misc. Rep. 344, 90 N. Y. Supp. 372; Radcliffe v. N. Y. Cab Co., 134 App. Div. 450, 119 N. Y. Supp. 251. In the authority last mentioned it was alleged that at the time of the making of the contract the seller knew that the goods were purchased for resale, and the buyer, relying on the contract, made a contract for said resale to a third party, and lost the profits of the trans-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

action by the seller's failure to deliver. Such an allegation was held to be an allegation of special damage. See Harrison v. Argyle Co., 128 App. Div. 85, 112 N. Y. Supp. 477.

As the ordinary rule of damages in such cases (for breach of contract to deliver) is, as already stated, the difference between the contract price and the market price at the time and place of delivery. Where a buyer can go into the market and buy the article which the seller has failed to deliver, this is the only rule, as it offers the buyer full indemnity. Special damages are allowed when this rule will not furnish a full indemnity. Parsons v. Sutton, 66 N. Y. 92, 98.

Motion, so far as the above is made applicable, must be denied, but in all other respects granted. Settle order on one day's notice.