### McCOOL v. MERRILL–RUCKGABER CO.

#### (Supreme Court, Appellate Term. May 18, 1911.)

1. PLEADING (§ 146*)—SEPARATE DEFENSES—COUNTERCLAIMS.

 An answer which sets out counterclaims, without demanding any affirmative relief, must be treated as setting up separate defenses.

 [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 294–296; Dec. Dig. § 146.*]

2. PLEADING (§ 318*)—BILL OF PARTICULARS—"CLAIM."

 An answer setting out counterclaims, without demanding affirmative relief, alleges items which defendant must prove affirmatively in reduction of plaintiff's recovery; and the items constitute a "claim," within Code Civ. Proc. § 531, authorizing the court to order a bill of particulars of a claim of either party.

 [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 963–969; Dec. Dig. § 318.*

 For other definitions, see Words and Phrases, vol. 2, pp. 1202–1211; vol. 8, p. 7604.]

Appeal from City Court of New York, Special Term.

Action by James McCool against the Merrill-Ruckgaber Company. From an order denying in part a motion for a bill of particulars of defendant's four counterclaims, plaintiff appeals. Reversed, and motion granted.

Argued before SEABURY, GUY, and BIJUR, JJ.

Edgar N. Dollin, for appellant.
Wingate & Cullen, for respondent.

BIJUR, J. The action was brought to recover for work, labor, and services in the manufacture of certain steel column bases for a building in course of construction by defendant.

[1] The answer, after certain admissions and denials and a separate defense, sets out five counterclaims, on none of which, however, any affirmative relief is demanded. They are, therefore, to be treated as separate defenses.

The motion for a bill of particulars was directed to four items, and was granted as to the first, but denied as to the other three. In short, the facts involved in the three items covered by the refusal referred to details of the amount of freight paid by the defendant,. for which it claims plaintiff was liable, and details of the expense which defendant claims to have been put to by reason of plaintiff's delay in shipping the bases. The learned court below denied the request for particulars in respect of these items on the authority of O'Rourke v. U. S. Mortgage & Trust Co., 95 App. Div. 518, 88 N. Y. Supp. 926, Smith v.

Anderson, 126 App. Div. 26, 110 N. Y. Supp. 191, and Radcliffe v. N. Y. Cab Co., 134 App. Div. 450, 119 N. Y. Supp. 251.

[2] Although it is true that the answer prays for no affirmative relief, nevertheless there are items which defendant must prove affirmatively, not by way of denial of the facts constituting plaintiff's cause of action, but in reduction of the amount of plaintiff's recovery. They constitute a "claim," in the language of section 531 of the Code, as interpreted in Dwight v. Germania Life Ins. Co., 84 N. Y. 493, Reader v. Haggin, 123 App. Div. 489, 107 N. Y. Supp. 963, and Spitz v. Heinze, 77 App. Div. 317, 79 N. Y. Supp. 187.

Order reversed, with $10 costs and disbursements, and motion granted. All concur.