### ROSE v. VILLAGE OF WHITE PLAINS.

(Supreme Court, Appellate Division, Second Department. October 20, 1911.)

PLEADING (§ 166*)—REPLY—NECESSITY.

Where a contract for municipal work required plaintiff to observe certain hours of labor, and in an action thereon defendant pleaded a breach of such requirement, such allegation constituted an affirmative defense. and, no order having been entered requiring plaintiff to reply thereto, the defense would be deemed controverted; and defendant, in the absence of a reply, was not entitled to a dismissal of the complaint on the pleadings.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 321½; Dec. Dig. § 166.*]

Appeal from Westchester County Court.

Action by Michael Rose against the Village of White Plains. From a County Court judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, CARR, and THOMAS, JJ.

Humphrey J. Lynch, for appellant.
H. R. Barrett, for respondent.

BURR, J. Plaintiff sues to recover a balance due upon contract. Defendant by its answer admits the making of a contract with plaintiff, but alleges that under the terms thereof it was incumbent upon

him, as a condition precedent to demanding payment thereunder, to obtain from the superintendent of highways and president of the village of White Plains certificates in writing as to the completion of the work and file the same with the board of water commissioners, and that such certificates were not obtained and filed. The answer further alleged a failure to comply with the provisions of said contract respecting the hours of employment of laborers, workmen, or mechanics, in consequence of which the contract became void. When the action was brought on for trial, a motion was made to dismiss the complaint, upon the ground that plaintiff had not fulfilled the contract in respect to the obtaining of certificates and had violated the same in respect to the other matters referred to. The motion was granted, and from the judgment thereupon entered plaintiff appeals.

It does not appear from the pleadings that the contract set up in defendant's answer is the same contract which is the basis of plaintiff's cause of action. From the argument of plaintiff's counsel, at the time that the motion was made, it would seem, however, that such was the case; for he asked to amend the complaint by alleging a waiver of the production of the certificates, and this motion was granted. There remained, then, as the basis of the motion, only the alleged violation of the contract respecting the employment of labor. Without determining at the present time the effect of such violation, it is sufficient to say that this was matter of proof, and not of pleading. Defendant's answer set up an alleged affirmative defense, and not a counterclaim. No order was obtained compelling a reply thereto. A defense consisting of new matter not constituting a counterclaim is deemed controverted, and plaintiff, without pleading, may traverse or avoid it, and is entitled to the benefit of every possible answer to it, the same as if pleaded. Nichols' Practice, 987, § 883.

The judgment of the County Court of Westchester county should be reversed, and a new trial ordered; costs to abide the event. All concur.