BOWSKY v. SCHLICHTEN.

(Supreme Court, Appellate Term. March 21, 1912.)

PLEADING (§ 318*)—BILL OF PARTICULARS.

Where in an action for the value of the use and occupation of premises, and for moneys paid for telephone service, an answer set up that the plaintiffs persuaded persons whom the defendant had secured as subtenants to take other quarters in the building, but failed to pray for af-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

firmative relief, and asked only a dismissal, it is a separate defense, rather than a counterclaim, so that, though there was no reply thereto, such failure was not an admission of its facts, and a motion for a bill of particulars thereof was improperly refused.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 963–969, 971; Dec. Dig. § 318.*]

Appeal from City Court of New York, Special Term.

Action by Louis Bowsky against George William Schlichten. From an order denying plaintiff's motion for a bill of particulars as to a defense in the answer, plaintiff appeals. Reversed, and motion granted.

See, also, 132 N. Y. Supp. 421.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Samuel Newmark (Harold M. Phillips, of counsel), for appellant. Jay Noble Emley, for respondent.

GUY, J. Plaintiff appeals from an order denying his motion for a bill of particulars as to the allegations contained in the third separate and distinct defense set forth in defendant's answer.

Plaintiff sued on two separate causes of action: First, for the value of the use and occupation by defendant of certain premises owned by the plaintiff; second, for moneys paid for telephone service furnished the defendant while he was an occupant of said premises. The answer denies the occupancy of the premises, denies the allegation of nonpayment of rent, denies that the plaintiff performed all the conditions of the lease on his part, denies the expenditure by plaintiff of moneys for defendant in payment of telephone charges, and sets up as separate defenses: First, surrender and acceptance of the premises; and, second, as a separate and distinct defense alleges:

"That the defendant had tenants ready and willing to sublet said apartments from defendant, but the plaintiff refused to permit the defendant to sublet the premises, and hindered and prevented and deprived the defendant of the right to sublet said premises, and prevented prospective tenants from subletting from defendant, and wrongfully induced them to break their agreement with defendant and to refuse to sublet the apartments from defendant, and induced them to take other apartments in the same building from the plaintiff, and also prevented plaintiff from securing other parties to sublet the same, to defendant's damage in the sum of $800."

The answer does not contain a demand for affirmative relief, but prays simply for a dismissal of the complaint. The motion for a bill of particulars relates only to the matter set up in this separate defense. The court below denied the motion, on the ground that:

"The plaintiff has not replied to the counterclaim. No issue was raised, and the facts are to be taken as admitted." Code of Civil Procedure, §§ 514, 522; Talmadge v. Sanitary Security Co., 2 App. Div. 43, 37 N. Y. Supp. 177.

The learned court below seems to have erred in the application of the rule as to separate defenses. Where an answer does not ask for affirmative relief, it must be treated as setting up separate defenses, not requiring reply. See McCool v. Merrill-Ruckgaber Co., 129 N. Y. Supp. 377; Walker v. A. C. Insurance Co., 143 N. Y. 167, 38 N.

E. 106; Rose v. Village of White Plains, 146 App. Div. 470, 131 N. Y. Supp. 334. The complaint and answer put in issue the matters as to which plaintiff demands a bill of particulars, and the motion should have been granted.

The order must therefore be reversed, with $10 costs and disbursements, and the motion granted. All concur.